**Affirmed and Opinion filed June 24, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00787-CV

---

## EX PARTE RICHARD PINNOCK

---

**On Appeal from the 434th Judicial District Court
Fort Bend County, Texas
Trial Court Cause No. 09-DCV-170977**

---

## O P I N I O N

In this restricted appeal from an order granting expunction, we consider whether there is error on the face of the record because the petitioner allegedly was barred by res judicata from obtaining expunction relief and because no reporter's record was made of any hearing on the petition for expunction. We conclude that the trial court reasonably could have determined that res judicata was not established and that the lack of a reporter's record from any oral hearing on the expunction petition does not necessitate a new trial because no evidence was

presented at any such hearing. Because no error on the face of the record has been shown, we affirm the trial court's expunction order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Richard Pinnock was arrested in August 2004 and charged with the offenses of resisting arrest and misdemeanor assault. He filed a petition for expunction in September 2006 in the 268th District Court of Fort Bend County, Texas (the "First Expunction Proceeding"), seeking to have the records of the arrest for assault expunged. The trial court denied the petition.

Pinnock filed a second petition for expunction in April 2009 in the 434th District Court of Fort Bend County, Texas, seeking to have the records of the arrest for assault expunged.[1] In his verified petition, Pinnock asserted that he had reason to believe that various entities have records or files pertaining to his arrest for assault that are subject to expunction, including appellant Texas Department of Public Safety (hereinafter "the Department"), and the Fort Bend County District Attorney's Office. In May 2009, the Department filed an answer in which it asserted the affirmative defense of res judicata based on the prior order denying Pinnock's request for expunction relief in the First Expunction Proceeding.

More than two-and-a-half years later, the trial court gave notice of a hearing on Pinnock's expunction petition, set for February 10, 2012 (the "Hearing Date"). The record reflects that notice was given to the Department, and the Department does not assert that it lacked notice of this hearing. Despite notice of the hearing, the Department did not file any response in opposition to the petition. To the extent an oral hearing was held on the expunction petition, the Department did not

---

[1] Pinnock originally sought expunction of the arrest records for both offenses, but later Pinnock amended his petition to seek expunction only of the arrest records for assault.

2

send a representative to the hearing.[2]

The day before the hearing on the expunction petition, Pinnock and the Fort Bend County District Attorney's Office proffered to the trial court a proposed order granting expunction, to which they agreed as to both form and substance. On the Hearing Date, the trial court signed the proposed expunction order. Six months later, the Department perfected a restricted appeal from the trial court's expunction order.

## II.    ISSUES AND ANALYSIS

To prevail in this restricted appeal, the Department must establish that (1) the Department filed a notice of restricted appeal within six months after the expunction order was signed; (2) the Department was a party to the underlying lawsuit; (3) the Department did not participate in the hearing that resulted in the expunction order that is the subject of complaint and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The first three requirements have been satisfied. The parties dispute whether error is apparent on the face of the record. The face of the record includes all papers on file in the appeal, including the clerk's record and the reporter's record. *See DSC Fin. Corp. v. Moffitt*, 815 S.W.2d 551, 551 (Tex. 1991). On appeal, the Department has assigned error only as to two alleged errors on the face of the record.

In its first issue, the Department asserts that, because no reporter's record

---

[2] Though the record reflects that a hearing was held on the petition on the Hearing Date, nothing in the record reflects that the trial court conducted an oral hearing on the expunction petition. The trial court's order does not reflect that an oral hearing was held, and an affidavit from the official court reporter for the trial court indicates that no oral hearing was held on the expunction petition.

3

was made of any hearing on Pinnock's expunction petition, this court must reverse the trial court's expunction order and remand for a new trial. In its second issue, the Department asserts that the relitigation of Pinnock's eligibility for an expunction was barred by res judicata because a court of competent jurisdiction previously signed an order denying expunction. The Department has assigned error only in these two respects. Notably, on appeal, the Department has not challenged any of the following: (1) the sufficiency of the notice the Department received of the hearing on Pinnock's expunction petition, (2) the trial court's action in granting the expunction petition without receiving any evidence at the expunction hearing, (3) any alleged failure by Pinnock to prove his entitlement to the expunction relief the trial court granted, or (4) the trial court's signing of an "Agreed Order of Expunction," despite the lack of any apparent indication that the Department had agreed to the order.[3] *See Texas Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986) (holding that "the court of appeals may not reverse a trial court's judgment in the absence of properly assigned error"); *Wilson v. Patterson*, No. 14-10-00943-CV, 2011 WL 4924252, at *1, n.1 (Tex. App.—Houston [14th Dist.] Oct. 18, 2011, no pet.) (concluding that certain alleged error was not before this court because appellant had not assigned error) (mem. op.).

### A. Is there error on the face of the record because expunction relief was barred by res judicata?

In its second issue, the Department asserts that there is error on the face of the record because the expunction relief granted by the trial court was barred by

---

[3] The Department correctly asserts that it may raise its first issue even though it is not challenging the sufficiency of the evidence supporting the trial court's expunction order. We consider the Department's first issue below and do not suggest that any of these challenges are a prerequisite to asserting the Department's first issue.

the doctrine of res judicata.[4]  The Texas Code of Criminal Procedure provides a right to the expunction of criminal records under certain circumstances.  *See* Tex. Code Crim. Proc. Ann. art. 55.01 (West 2014).  A statutory expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving that all statutory requirements have been satisfied.  *Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  We review a trial court's decision whether to grant an expunction for abuse of discretion.  *See id.*

In his ex parte expunction petition, Pinnock asserted that he had reason to believe that the Department and various other entities, had records or files pertaining to his arrest for assault that were subject to expunction.  The Department asserts that an entity so described in an ex parte expunction petition may assert the doctrine of res judicata generally applicable in civil litigation based upon an order in a prior expunction proceeding.  The parties have not cited and research has not revealed any case on this issue from the Supreme Court of Texas or this court. Two sister courts have concluded that the doctrine of res judicata applies in this context. *See Rowland v. Texas Dep't of Pub. Safety*, No. 2-08-479-CV, 2009 WL 2138847, at *1, n.2 (Tex. App.—Fort Worth Jul. 16, 2009, pet. dism'd) (mem. op.); *Ex parte Meyers*, 68 S.W.3d 229, 231–32 (Tex. App.—Texarkana 2002, no pet.).  For the purposes of this appeal, we presume, without deciding the following: (1) that the doctrine of res judicata applicable in civil litigation in Texas courts applies, as asserted by the Department; and (2) that the Department may present evidence regarding this defense by way of attachments to its answer to the expunction petition, which is the only proof reflected on the face of this record that

---

[4] We address the Department's second issue first because success on that issue would entitle the Department to rendition of judgment in its favor rather than to a remand to the trial court.  *See Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999) (per curiam).

the Department provided to the trial court regarding the res judicata defense[5] (collectively, the "Presumptions").

Under the Presumptions, the Department would have the burden of proving: (1) a prior final determination on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims as were raised or could have been raised in the first action. *See* Tex. R. Civ. P. 94; *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). The Department's answer was not sworn or verified and no affidavits or transcripts of testimony were attached to it. The Department pleaded the affirmative defense of res judicata, and alleged that attached to the answer were true and correct copies of Pinnock's expunction petition and the "Order Denying Petition for Expunction" from the First Expunction Proceeding. The attached copy of Pinnock's petition was not a certified copy. The attached expunction order was a certified copy. The trial court reasonably could have concluded that the Department did not prove the essential elements of res judicata. Even under the Presumptions, there is no error on the face of the record in the trial court's granting expunction relief to Pinnock despite the Department's assertion of the affirmative defense of res judicata. *See Frankoff v. Norman*, No. 14-11-00152-CV, 2012 WL 2394050, at *5 (Tex. App.—Houston [14th Dist.] June 26, 2012, no pet.) (mem. op.). Accordingly, we overrule the Department's second issue.

### B.  Is there error on the face of the record because no reporter's record was made of any hearing on the expunction petition?

In its first issue, the Department asserts that, because no reporter's record was made of any hearing on Pinnock's expunction petition, this court must reverse

---

[5] The record reflects that the Department did not file a response in opposition to the expunction petition and that the trial court did not receive evidence at the expunction hearing.

the trial court's expunction order and remand for a new trial. The Department relies upon a line of cases under which, in certain circumstances, parties who do not appear at trial or an evidentiary hearing are entitled to reversal of the trial court's judgment and remand for a new trial or a new evidentiary hearing because no record was made of the trial or evidentiary hearing and therefore the appellant is unable to obtain a record of the evidence presented to the trial court. *See Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978); *Smith v. Smith*, 544 S.W.2d 121, 123 (Tex. 1976); *Houston Pipe Coating Co., Inc. v. Houston Freightways, Inc.*, 679 S.W.2d 42, 45–46 (Tex. App.—Houston [14th Dist.] 1984, writ refused n.r.e.).

The Texas Code of Criminal Procedure requires the trial court to set a hearing on an expunction petition and to give reasonable notice of the hearing to each official or agency or other governmental entity named in the petition. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 2(c) (West 2014). Nonetheless, there is no requirement that this hearing be an oral one or an evidentiary one. *See Ex parte Cephus*, 410 S.W.3d at 420–21. The record in today's case reflects that the trial court held a hearing on the expunction petition on the Hearing Date and that the trial court granted the expunction on that date. But, the record reflects that the trial court did not receive evidence from the parties on that date. The day before the hearing Pinnock and the District Attorney's Office filed their proposed "Agreed Order of Expunction" with the trial court. Though each had agreed to both its form and substance of the proposed order, the Department had not agreed to either its form or substance. The trial court signed the proposed order (the "Expunction Order") which reflects that it is based on "the pleadings and other documents on file herein." Nothing in the Expunction Order indicates that the trial court based its ruling on evidence that it received from the parties. Neither Pinnock nor the Department asserts that the trial court received evidence on the Hearing Date. To

7

the extent the trial court held an oral hearing on that date, the record reflects that the trial court did not receive any evidence that was the basis of its ruling at that hearing.[6] Under the unambiguous language of the trial court's Expunction Order, the trial court did not base its ruling on evidence that it received from the parties. *See Reiss v. Reiss*, 118 S.W.3d 439, 441–42 (Tex. 2003); *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000).

Because no evidence was presented at any oral hearing on the expunction petition, the line of cases upon which the Department relies does not apply. *See U.S. Auto Ins. Serv. Inc. v. Les Marks Chevrolet*, No. 14-02-00644, 2003 WL 22021670, at *1 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (holding that this line of cases was not on point and that no error was apparent on the face of the record due to lack of reporter's record from default-judgment hearing because the judgment reflected that it was based only on the pleadings and affidavits that were in the record) (mem. op.). On this record, the lack of a reporter's record from any oral hearing on Pinnock's expunction petition does not constitute error on the face of the record and does not entitle the Department to a reversal of the trial court's order and a remand for a new expunction hearing. *See id*. Accordingly, we overrule the Department's second issue.

### III. CONCLUSION

Because the trial court reasonably could have concluded that the Department did not prove the essential elements of res judicata, there is no error on the face of

---

[6] Though the record reflects that a hearing was held on the petition on the Hearing Date, nothing in the record reflects that an oral hearing was held on the expunction petition. The trial court's order does not reflect that an oral hearing was held, and an affidavit from the official court reporter for the trial court indicates that no oral hearing was held on the expunction petition. In any event, we need not address whether an oral hearing occurred on the Hearing Date. It is sufficient for us to note that the record reflects the trial court's ruling was not based on evidence submitted by the parties.

the record based on the trial court's granting of expunction relief to Pinnock despite the Department's assertion of the affirmative defense of res judicata. The Department has not established its entitlement to reversal of the Expunction Order and a remand for a new expunction hearing based on the absence of a reporter's record from any oral hearing on Pinnock's expunction petition. Accordingly, we affirm the trial court's expunction order.


/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.