**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00001-CV**

_____

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**M.R.S. JR., Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-05-05230 CV**

**OPINION**

The Texas Department of Public Safety appeals from an order granting M.R.S. Jr.'s[1] request to expunge records related to his arrest on a charge of driving while intoxicated. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a) (West Supp. 2014). We reverse and render judgment denying expunction.

---

[1]For purposes of this appeal, we identify the appellee, M.R.S. Jr., as M. Although M. is a party to these proceedings, he did not file a brief in response to the Texas Department of Public Safety's appeal. The Montgomery County District Attorney's Office (Montgomery County) filed a brief, and it argues the trial court's ruling should be affirmed.

1

## Background

On June 8, 2012, M. was arrested and later charged with driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West Supp. 2014). In May 2013, Montgomery County requested that the trial court dismiss the driving-while-intoxicated case. In its motion to dismiss, Montgomery County represented that it wanted to dismiss the case because M. had been convicted of obstructing a highway or other passageway in another case, cause number 13-288015. *See id.* § 42.03 (West 2011). A copy of the judgment the trial court rendered in cause number 13-288015 is in the information that was before the trial court at the expunction hearing. The information charging M. with obstructing a highway and the information charging M. with driving while intoxicated are also in the records of the expunction hearing. These documents indicate that both offenses occurred on June 8, 2012. The judgment in cause number 13-288015 was also before the trial court, and it shows that M. pled guilty to obstructing a highway or other passageway by failing to maintain a single marked lane. The certification of the defendant's right to appeal, another document before the trial court at the hearing, indicates that M.'s conviction in cause number 13-288015 resulted from a plea bargain. *See id.* § 42.03.

Subsequently, M. filed a petition to expunge all of the records related to his arrest for driving while intoxicated. The Department filed an answer opposing M.'s request. According to the Department, M. was not entitled to have the records expunged because his June 2012 arrest for driving while intoxicated resulted in his conviction for obstructing a highway or other passageway. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2014).

The trial court conducted a hearing on M.'s petition to expunge the records of his June 2012 arrest. Montgomery County appeared at the hearing and advised the trial court that it did not oppose the petition. The Department did not appear at the hearing. At the conclusion of the hearing, the trial court signed an order expunging all records and files on M. that concerned his June 2012 arrest, but the order excluded the records in "case # 13-288015-Obtruct Highway Passage[.]"

Subsequently, the Department appealed, and it argues that because M.'s arrest for driving while intoxicated led to a final conviction for obstructing the highway, M. was not entitled to have the records of his arrest for driving while intoxicated expunged. According to Montgomery County's brief, the trial court "correctly determined that the facts were undisputed, resolved the conflict in the case law in favor of [M.], and granted the expunction."

3

Standard of Review

We review a trial court's decision granting a petition for expunction under an abuse-of-discretion standard. *See S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004). A trial court has no discretion in determining what the law is or applying the law to the facts. *See S.J.*, 438 S.W.3d at 841 (citing *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.)). In this case, the Department's appeal concerns the trial court's construction of the statute authorizing courts to expunge records of an individual's arrest. Questions of statutory construction are reviewed as questions of law. *Tex. Dep't of Pub. Safety v. G.B.E.*, No. 03-13-00017-CV, 2014 WL 1165854, at *2 (Tex. App.—Austin March 20, 2014, pet. denied).

The right to have the records of an arrest expunged is a creature of statute. Therefore, a petitioner seeking to expunge records of an arrest must prove that he meets all of the statutory requirements that govern the expunction of records. *In re Expunction*, No. 01-14-00168-CV, 2015 WL 505174, at *2 (Tex. App.—Houston

4

[1st Dist.] Feb. 5, 2015, no pet. h.). To decide if an individual's petition seeking to expunge records should be granted, "[t]he trial court must strictly comply with the statutory requirements, and neither [an appellate court] nor the trial court has any equitable power to extend the protections of the expunction statute beyond its stated provisions." *Id.*

## The Statute

Chapter 55 of the Texas Code of Criminal Procedure allows a person who is arrested and released to obtain an order from a trial court expunging all records and files related to the arrest if the charge has not resulted in a final conviction. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). The purpose of the expunction statute is to remove records of wrongful arrests. *See Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991). However, an arrest is not wrongful when a defendant pleads guilty to an offense that arises from the arrest. *See S.J.*, 438 S.W.3d at 841. In other words, the statute is not intended to allow a person to expunge arrest and court records that relate to an arrest that is not wrongful. *See id.*

Montgomery County argues that, because Chapter 55 is offense based, M. was entitled to expunge the records of his arrest for driving while intoxicated since he was never convicted of that offense. However, Chapter 55 appears to contemplate "an arrest as the unit of expunction and provides relief relating to

5

arrests rather than charges." *Id.* at 843, 845 (noting that 55.01(a) states that expunctions must apply to all records and files relating to the arrest). Several of our sister appellate courts have held that Chapter 55's expunction scheme is arrest-based, meaning that expunction is not available for an arrest that results in multiple charges if one of the charges arising from the arrest leads to a final conviction. *See In re Expunction*, 2015 WL 505174, at *5; *State v. N.R.J.*, No. 02-13-00082-CV, 2014 WL 6806893, **3-4 (Tex. App.—Fort Worth Nov. 26, 2014, pet. filed); *Dicken*, 415 S.W.3d at 479-81; *Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 924, 927-28 (Tex. App.—Austin 2011, no pet.) (en banc op. on reh'g).

We agree that the expunction statute is arrest-based, and that a petitioner is not entitled to have the records related to his arrest expunged under article 55.01 unless all of the charges that arose from the arrest are shown to satisfy article 55's requirements. *See* Tex. Code Crim. Proc. Ann. art. 55.01; *S.J.*, 438 S.W.3d at 841. In this case, it is undisputed that M. was convicted of obstructing a highway, and the record demonstrates that obstructing a highway is one of the charges that arose from M.'s June 2012 arrest. The record further shows that M. pled guilty to obstructing a highway in exchange for the State's agreement to dismiss the driving-while-intoxicated case. Because the record conclusively established that M.'s June 2012 arrest led to a final conviction, M. failed to demonstrate that no

6

final conviction resulted from his June 2012 arrest. *See* Tex. Code Crim. Proc. Ann. art 55.01(a)(2). Consequently, we conclude the record demonstrates that M. was not entitled to the relief that he requested in his petition. *See id.*; *In re Expunction*, 2015 WL 505174, at *5; *G.B.E.*, 2014 WL 1165854, at **1, 7.

Montgomery County also argues the trial court's judgment should be affirmed because the Department did not object when Montgomery County agreed that it did not oppose M.'s request to expunge the records of his arrest. However, the Department is not bound by a district attorney's agreement regarding an expunction. *See Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ) (other agencies are not bound by a district attorney's agreement not to oppose an expunction); *see also* Tex. Code Crim. Proc. Ann. art. 55.01(b)(2) (West Supp. 2014). Additionally, although the expunction statute is in the Texas Code of Criminal Procedure, expunction proceedings are civil rather than criminal in nature. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). As the matter was decided by the trial court without a jury, the parties were free to complain that the evidence did not support the trial court's ruling for the first time on appeal. *See* Tex. R. App. P. 33.1(d).

Viewing the expunction statute as a whole and keeping in mind its general purpose, we conclude that M. is not entitled to have any records or files that relate to his 2012 arrest for driving while intoxicated expunged under article 55.01(a)(2). The record before the trial court conclusively shows that M.'s June 2012 arrest resulted in his final conviction on a charge of obstructing a highway. We hold that the trial court abused its discretion by ordering the records and files at issue expunged; therefore, we sustain the Department's issue on appeal. The trial court judgment is reversed, and we render the judgment the trial court should have rendered, denying M.'s petition to expunge the records of his June 2012 arrest. *See* Tex. R. App. P. 43.2(c).

REVERSED AND RENDERED.

_____
HOLLIS HORTON
Justice

Submitted on October 15, 2014
Opinion Delivered May 14, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.