**Affirmed and Majority and Concurring Opinions filed September 29, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00925-CV

## IN THE INTEREST OF R.S.T., A CHILD

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2011-54295**

## C O N C U R R I N G   O P I N I O N

In this restricted appeal, the court concludes that the appellant has not shown error apparent from the face of the record because it is not clear what rulings the trial court made in the challenged order. The record shows what rulings the trial court made, but the appellant has not shown any error apparent from the face of the record.

## Trial Court Proceedings

Appellant the Office of the Attorney General of Texas (the "Attorney General") has prosecuted this restricted appeal from the trial court's August 10,

2015 order. To prevail in this appeal, the Attorney General must establish that error is apparent from the face of the record.[1] The face of the record shows the following trial court proceedings:

On September 13, 2011, the Attorney General attempted to register in Texas a Louisiana child-support order under which the Louisiana court ordered appellee Patrick E. Bedford to pay R.S.T.'s mother monthly child support in the amount of $152.00 (the "Child Support Order"). The Attorney General sought to register the Child Support Order under subchapter G of Texas Family Code Chapter 159.[2] On the same date the Attorney General filed a motion to confirm child-support arrearage. A few months later, in December 2011, the trial court issued an order confirming an arrearage of more than $21,000, enforcing the Child Support Order, and ordering income withholding. In February 2012, the trial court granted Bedford's motion for new trial. The next month, the Attorney General nonsuited its motion to confirm child-support arrearage.

In September 2014, Bedford filed a "Motion to Modify" in which he (1) noted that the Attorney General had nonsuited its motion to confirm child-support arrearage, and (2) asserted that, despite this nonsuit, child-support payments still were being withheld from Bedford's paycheck. Bedford asked the trial court to order a stay of the income withholding, filing a "First Amended Motion to Stay Child Support Withholding." In May 2015, the trial court granted the amended motion to stay and ordered that all income withholding regarding Bedford's child-support arrearages stop pending a review of the validity of the registered child-support order.

On August 10, 2015, the trial court signed an "Order in Suit to Modify Child

---

[1] *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

[2] *See* Tex. Fam. Code Ann. § 159.601, *et seq*. (West, Westlaw through 2015 R.S.).

Support Withholding." In this order, the trial court granted Bedford's "Motion to Modify," found that Bedford was never served properly with notice of the Attorney General's registration of the Child Support Order, and ordered that all income withholding regarding Bedford's child-support arrearages stop.

## No Error Apparent on the Face of the Record

In this restricted appeal from the August 10, 2015 order, the Attorney General asserts that the following errors are apparent from the face of the record: (1) the trial court erroneously modified the registered Child Support Order because the record does not show that the trial court had jurisdiction to modify this order; and (2) Bedford failed to use the remedies available under Family Code section 158.506 to contest an administrative writ of withholding.

We are to give effect to the substance rather than the form or title of Bedford's "Motion to Modify" and the trial court's order granting it.[3] The record reflects that the substance of the trial court's order was an order that all income withholding regarding Bedford's child-support arrearages stop rather than a modification of the Child Support Order. Because the trial court did not modify the Child Support Order, it is not apparent from the face of the record that the trial court erroneously modified this order.[4]

Under Family Code section 158.506, "[e]xcept as provided by Section 158.502(c), an obligor receiving the notice under Section 158.505 may request a review by the Title IV-D agency to resolve any issue in dispute regarding the

---

[3] *See In re J.Z.P.,* 484 S.W.3d 924, 925 (Tex. 2016) (per curiam); *Curry v. Harris Cty. Appraisal Dist.*, 434 S.W.3d 815, 819–20 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

[4] *See Ex parte Pinnock*, 437 S.W.3d 564, 569 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

identity of the obligor or the existence or amount of arrearages."[5]  The record reflects that the trial court issued a judicial order for income withholding in its December 2011 order confirming a child-support arrearage.  The record does not reflect that Bedford received notice under Texas Family Code section 158.505 of an administrative writ of withholding.[6]  Error is not apparent from the face of the record based on Bedford's failure to use the remedies available under Family Code section 158.506.[7]

**Conclusion**

The majority reaches the correct conclusion—that the Attorney General has not established error apparent from the face of the record—but for the wrong reasons.  Accordingly, I respectfully decline to join the majority opinion, but I concur in the court's judgment.

/s/     Kem Thompson Frost
            Chief Justice

Panel consists of Chief Justice Frost and Justices McCally and Brown (Brown, J., majority).

---

[5] Tex. Fam. Code Ann. § 158.506 (West, Westlaw through 2015 R.S.).

[6] *See* Tex. Fam. Code Ann. § 158.505 (West, Westlaw through 2015 R.S.).

[7] *See* Tex. Fam. Code Ann. § 158.506; *Ex parte Pinnock*, 437 S.W.3d at 569.