

# NUMBER 13-17-00113-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE STEVE BORDER

### On appeal from the 329th District Court
### of Wharton County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Contreras**

Appellant, the Texas Department of Public Safety (the Department), appeals an order expunging all files and records relating to appellee Steve Border's convictions for possession of a controlled substance, possession of marijuana, and unlawful carrying of a weapon. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 55.01–55.06 (West, Westlaw through 2017 1st C.S.). We reverse and render judgment denying Border's petition for expunction.

## I.    BACKGROUND[1]

Border was convicted on August 9, 1990, for possession of a controlled substance and placed on community supervision.   *See generally* TEX. HEALTH & SAFETY CODE ANN. ch. 481 (West, Westlaw through 2017 1st C.S.) (Texas Controlled Substances Act).   On October 5, 1992, Border was convicted and fined for possession of marijuana and for unlawful carrying of a weapon.   *See id.* § 481.121; TEX. PENAL CODE ANN. § 46.02 (West, Westlaw through 2017 1st C.S.).

On February 18, 2016, Border filed a petition to expunge the records stemming from the 1990 charge of possession of a controlled substance and listed the Department as one of the responding agencies.   Border then filed an amended petition asking the trial court for an expunction of the records stemming from that charge and the two 1992 charges.   The Department filed an answer on May 5, 2016, introducing into the record the judgments of conviction for the three offenses and stating that Border did not satisfy the statutory requirements for expunction.   The trial court scheduled a hearing on the petition for August 18, 2016 and provided notice to the Department; however, there is no reporter's record of the proceeding.   The Department did not participate in the hearing,[2] file any post-judgment motions, or request any findings of fact or conclusions of law.   The

---

[1] Borders did not file a brief to assist us with this matter.

[2] The official court reporter for the 329th Judicial District Court filed an affidavit with this Court in which she states that no reporter's record was made of the hearing on Borders's petition for expunction, and, therefore, we are unable to conclusively verify that the Department did not participate in the hearing. However, the Department contends in its appellate brief that it did not participate in the hearing, and we take that as true since it is not being disputed.   *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) ("For over half a century, we have required courts to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal.").   Furthermore, we note that the trial court's docket entries support the Department's claim:   an entry for August 8, 2016—the date the expunction order was granted—states "State F.T.A. after proper notice. Exp. Granted."

2

trial court granted Border's petition, finding that he was "entitled to an expunction . . . under Article 55.01(a)(2)(B) of the Texas Code of Criminal Procedure." The Department then filed its notice of restricted appeal on February 17, 2016.

## II. DISCUSSION

The Department argues that the trial court improperly expunged Border's records of arrest. Specifically, the Department argues by four issues that: (1) the trial court misinterpreted the expungement statute; (2) appellant failed to present legally sufficient evidence that he was entitled to an expunction; (3) the trial court erred by not holding a hearing on the petition; and (4) if there was a hearing, the expunction order must be reversed and the case remanded for a new trial because there is no reporter's record.

### A. Restricted Appeal

To prevail on a restricted appeal, the Department must establish that: (1) it filed notice of the restricted appeal within six months after judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see* TEX. R. APP. P. 26.1(c), 30.

Here, the order of expunction was signed on August 18, 2016, and the Department timely filed its notice of restricted appeal on February 17, 2017. Thus, the Department filed its notice of restricted appeal within six months after the judgment was signed. *See* TEX. R. APP. P. 26.1(c); *see also, e.g., Ex parte Davila*, No. 13-15-00202-CV, 2016 WL 872997, at *2 (Tex. App.—Corpus Christi Feb. 18, 2016, no pet.) (mem. op.).

3

As to the second requirement, the record shows that the Department was a party to the underlying suit. The third requirement is also met despite the Department filing an answer to Border's petition—the Department did not participate in the hearing for the expunction order, file any post-judgment motion, or request findings of fact and conclusions of law. *See, e.g., Ex parte Vega*, 510 S.W.3d 544, 547–48 (Tex. App.—Corpus Christi 2016, no pet.) ("We conclude the Department [met the third requirement] because even though it filed an answer in response to [the] petition, it did not participate in the hearing on [the] petition that resulted in the expunction order.").

Therefore, the only remaining question is whether error is apparent on the face of the record. The "face of the record" consists of all the papers that were before the trial court at the time it rendered judgment. *Bahar v. Lyon Fin. Servs., Inc.,* 330 S.W.3d 379, 384 (Tex. App.—Austin 2010, pet. denied); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 280 (Tex. App.—Corpus Christi 2007, no pet.). With this limitation, our scope of review is otherwise the same as in an ordinary appeal. *Tex. Dep't of Pub. Safety v. Foster,* 398 S.W.3d 887, 890 (Tex. App.—Dallas 2013, no pet.). Under this standard, we conduct an independent analysis of the record, giving no deference to the trial court's conclusions. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

**B. Applicable Law**

It is constitutionally presumed that judicial records are open to the public. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 663 (Tex. 1992). The expunction statute provides a narrow exception to this principle and is intended to

4

eradicate records of wrongful arrests. *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex. 2014) (orig. proceeding). The trial court must strictly comply with the statutory requirements, and neither an appellate court nor the trial court has any equitable power to extend the protections of the expunction statute beyond its stated provisions. *Tex. Dep't of Pub. Safety v. M.R.S.*, 468 S.W.3d 553, 555 (Tex. App.—Beaumont 2015, no pet.). The petitioner has the burden of proving that all statutory requirements have been satisfied in order to be entitled to an expunction. *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.).

Article 55.01 of the Texas Code of Criminal Procedure provides in relevant part as follows:

(a)    A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:

. . .

(B)    prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01.

## C.    Analysis

By its first issue, the Department argues that the trial court misinterpreted the expunction statute. We agree.

5

The trial court granted Border's expunction under article 55.01(a)(2)(B). To prove he was entitled to expunction under article 55.01(a)(2)(B), Border was required to prove that: (1) he had been released; (2) the charge, if any, did not result in a final conviction; (3) the charge, if any, is no longer pending; (4) there was no court-ordered community supervision; and (5) the limitations period had expired. *Id.*; *see Ex parte Vega*, 510 S.W.3d at 549–55; *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 626 (Tex. App.—Austin 2014, pet. denied); *see also S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.) ("[F]or a petitioner to be entitled to expunction under article 55.01, all charges arising from the arrest must meet that article's requirements.").

Here, the record contains an executed and file stamped judgment of conviction for each of the three offenses Border sought to expunge. The record specifically shows that Border was: (1) convicted and placed on community supervision for possession of a controlled substance; (2) convicted and fined for unlawful carrying of a weapon; and (3) convicted and fined for possession of marijuana. Because each of the charges "resulted in a conviction," Borders is unable to satisfy the statute's requirements for expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *Ex parte Vega*, 510 S.W.3d at 551; *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 481 (Tex. App.—San Antonio 2013, no pet.). Therefore, we conclude there is error on the face of record. *See Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.—Corpus Christi 2007, no pet.). We sustain the Department's first issue.[3]

### III. CONCLUSION

---

[3] Because we find the Department's first issue dispositive, we need not reach its remaining three issues. *See* TEX. R. APP. P. 47.1.

6

We reverse the trial court's order, and render judgment denying Border's petition for expunction.   Pursuant to the Department's prayer for relief, we order any documents surrendered to the trial court returned to the submitting agencies.   *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam); *Fredricks*, 235 S.W.3d at 282.


DORI CONTRERAS
Justice

Delivered and filed the
31st day of May, 2018.