

# NUMBER 13-17-00377-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF PUBLIC SAFETY,                  Appellant,

v.

C.B.,                                                      Appellee.

### On appeal from the Criminal District Court
### of Jefferson County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

In this restricted appeal, appellant Texas Department of Public Safety (D.P.S.) challenges the order of expunction that the trial court granted in favor of appellee C.B. By four issues, D.P.S. challenges the order granting expunction. We affirm.[1]

---

[1] This cause is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw

## I.    BACKGROUND

On March 27, 2014, a Jefferson County grand jury returned an indictment against C.B.  The indictment alleged that in December 2013, C.B. was arrested for possession of a controlled substance in penalty group 2—amphetamine—in an amount less than 1 gram, a state jail felony.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116 (West, Westlaw through 2017 1st C.S.).

On November 4, 2014, a Jefferson County assistant district attorney filed a motion to dismiss the case against C.B. in the interest of justice.  The trial court granted the motion on the same day.

On October 27, 2016, C.B. filed a petition seeking the expunction of records related to his arrest in December 2013.  C.B. alleged that he satisfied all relevant conditions of the expunction statute, in large part because the charge against him had been dismissed.  Attached to C.B.'s petition was the order of dismissal.  The petition named several government entities possessing records subject to expunction, including the Jefferson County district attorney's office and D.P.S.

The district attorney filed a response indicating that "the State of Texas does not oppose the Petition for Expunction and prays the Court to enter an appropriate order after due consideration."  However, D.P.S. filed an answer and general denial.  In it, D.P.S. asserted that C.B. was, in fact, charged with two offenses as a result of his 2013 arrest: the felony charge for possession of amphetamine and a second charge for possession of marijuana in an amount less than two ounces, a class B misdemeanor.  *See id.*

through 2017 1st C.S.).  Because this is a transfer case, we apply the precedent of the Ninth Court of Appeals to the extent it differs from our own.  *See* TEX. R. APP. P. 41.3.

§ 481.121(a), (b)(1) (West, Westlaw through 2017 1st C.S.). D.P.S. alleged that C.B. pleaded nolo contendere to the marijuana charge and was sentenced to six months' deferred adjudication community supervision, rendering him ineligible to have any records related to the 2013 arrest expunged.

A hearing was set for December 5, 2016. The notice of hearing reflects that it was served upon the district attorney's office, D.P.S., and other government entities. D.P.S. did not appear, and no record was taken of the hearing.

On December 6, 2016, the trial court entered an order granting C.B.'s petition and providing for expunction of all records related to C.B.'s 2013 arrest. The order stated that "all procedural and substantive requirements for expunction of the criminal records, specified herein, have been met." In particular, the order stated that while C.B. was indicted for felony possession of amphetamine as a result of the arrest, "this matter was not prosecuted against Petitioner for the stated charges alleged and was dismissed by Order of the Court on November 4, 2014."

Following the order of expunction, D.P.S. filed this restricted appeal. D.P.S. submitted C.B.'s 2013 arrest report, which described his arrest for possession of amphetamine and marijuana. D.P.S. also submitted documentation which, it contended, showed that C.B. had pleaded guilty and received community supervision for a misdemeanor marijuana charge stemming from his arrest in 2013, and that C.B. was therefore ineligible for expunction of records from the 2013 arrest. However, the documentation submitted by D.P.S. described an arrest for marijuana possession in September 2010, and it bore no apparent relation to C.B.'s 2013 arrest. Other than

3

D.P.S.'s assertions, the record contains no indication that C.B. was ever formally charged with, convicted of, or placed on community supervision for the offense of misdemeanor marijuana possession as a result of his 2013 arrest.

## II. THE FIRST THREE REQUIREMENTS OF A RESTRICTED APPEAL

An appellant must establish four elements to succeed in a restricted appeal: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). We liberally construe the non-participation requirement in favor of the right to appeal. *Id.*

As to the first requirement, D.P.S. filed its notice of appeal within six months of the judgment: the district court signed the judgment on December 5, 2016, and D.P.S. filed its notice of restricted appeal on June 5, 2017. *See id.*

As to the second requirement, D.P.S. is a proper party to this suit. *See id.* C.B. listed D.P.S. as an entity potentially having records that he sought expunged, and D.P.S. was made subject to the expunction order, which provided D.P.S. with the right to appeal the court's judgment "in the same manner as in other civil cases." *See Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi 2016, no pet.).

As to the third requirement, a review of the record confirms that D.P.S. did not file any post-judgment motions or requests for findings of fact and conclusions of law. *See Pike-Grant*, 447 S.W.3d at 886. Even though D.P.S. "filed an answer in response to

4

[appellee's] petition, it did not participate in the hearing on his petition that resulted in the expunction order." *See Vega*, 510 S.W.3d at 548. "Filing an answer . . . is not participation" for purposes of a restricted appeal. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985).[2]

With the first three requirements satisfied, we turn to the fourth requirement: whether error appears on the face of the record. *See Pike-Grant*, 447 S.W.3d at 886.

### III. THE FOURTH REQUIREMENT: ERROR ON THE FACE OF THE RECORD

By its first and second issues, D.P.S. argues that error is apparent on the face of the record because the trial court misinterpreted the expunction statute by allowing an ineligible petitioner to receive expunction, and because the expunction is not supported by legally sufficient evidence of eligibility. These issues both advance the same theory—that C.B. is not eligible for expunction—and we address them together.

### A. Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Vega*, 510 S.W.3d at 548. To the extent the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo. *Id.* In the absence of findings of fact or conclusions of law, a trial court's judgment will be upheld on any theory supported by the record, and any necessary findings of fact will be implied. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam).

---

[2] We hear this case on transfer from the Ninth Court of Appeals in Beaumont, which has held that the district attorney's agreement in an expunction proceeding does not bind D.P.S. or preclude D.P.S. from challenging an expunction on appeal. *See Tex. Dep't of Pub. Safety v. M.R.S.*, 468 S.W.3d 553, 556 (Tex. App.—Beaumont 2015, no pet.). This precedent controls our analysis here. *See* TEX. R. APP. P. 41.3.

A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). In an abuse of discretion analysis, sufficiency of the evidence is not an independent ground of error, but rather is a relevant factor in assessing whether the trial court abused its discretion. *Handley v. Handley*, 122 S.W.3d 904, 907 (Tex. App.—Corpus Christi 2003, no pet.). There is generally no abuse of discretion on grounds of insufficiency if some probative evidence supports the trial court's decision. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).

Because this is a restricted appeal, our review is limited to the face of the record. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see also Tex. Dep't of Pub. Safety v. Salazar*, No. 13-12-00771-CV, 2013 WL 4399185, at *2 (Tex. App.—Corpus Christi Aug. 15, 2013, no pet.) (mem. op.). The requirement that error be apparent on the face of the record means that "error that is merely inferred will not suffice." *Ginn*, 282 S.W.3d at 431. With this limitation, our scope of review is otherwise the same as in an ordinary appeal. *Vega*, 510 S.W.3d at 547.

**B. Applicable Law**

Although the expunction statute is in the Texas Code of Criminal Procedure, expunction proceedings are civil rather than criminal in nature. *Tex. Dep't of Pub. Safety v. M.R.S.*, 468 S.W.3d 553, 556 (Tex. App.—Beaumont 2015, no pet.). Upon fulfillment of certain statutory requirements, all criminal records arising from an arrest must be expunged. *Vega*, 510 S.W.3d at 548. To establish his right to expunction under the

statutory article at issue here, the petitioner must prove that he "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision for the offense," among other conditions. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West, Westlaw through 2017 1st C.S.). Where an indictment has been presented against the petitioner, the petitioner must show, in addition to the above, that the indictment "was dismissed or quashed because . . . the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense . . . ." *Id.* art. 55.01(a)(2)(A)(ii)(c).

Expunction is only available when all the statutory conditions have been met, which the petitioner has the burden of proving. *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.). Courts have no equitable power to extend the expunction statute. *Id.* And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction is mandatory and exclusive. *Vega*, 510 S.W.3d at 548.

Section (a)(2) of the expunction statute treats an arrest as the unit of expunction and provides relief relating to arrests rather than charges. *Id.* at 551. Because this section is arrest-based, a petitioner is not entitled to have the records related to his arrest expunged under article 55.01(a)(2) unless all of the charges that arose from the arrest are shown to satisfy article 55's requirements. *M.R.S.*, 468 S.W.3d at 556. Thus, if a petitioner is convicted or placed on community supervision for one charge arising out of an arrest, the petitioner is ineligible to expunge records related another charge stemming

7

from the same arrest under section 55.01(a)(2).   *See id.*; *Vega*, 510 S.W.3d at 551; *see also Ex parte J.C.D.*, No. 13-16-00534-CV, 2017 WL 3304478, at *2 (Tex. App.—Corpus Christi Aug. 3, 2017, no pet.) (mem. op.).

## C.      Analysis

D.P.S. argues that C.B. was not entitled to expunction because he presented nothing to demonstrate his eligibility.   We disagree.

The record supports the existence of only one formal charge stemming from C.B.'s 2013 arrest:   a felony indictment for possession of amphetamine.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116.   C.B. submitted records showing that this felony charge was dismissed.   Following the hearing, the trial court entered a finding that this dismissal satisfied all requirements for expunction of criminal records.   The trial court therefore impliedly found that this dismissal was due to "mistake, false information, or other similar reason indicating the absence of probable cause," pursuant to the expunction statute. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii)(c); *Rosemond*, 331 S.W.3d at 766. The records submitted by D.P.S. describing an arrest for misdemeanor possession of marijuana *in 2010* were unrelated to the 2013 arrest that was the subject of the trial court's expunction order.   Because felony possession was the only charge stemming from C.B.'s arrest that appears on the face of the record, the requirements of the expunction statute were satisfied.

Based on C.B.'s exhibit, the trial court found that he had satisfied the requirements of the expunction statute with regard to the only charge that appears in the record.   The face of the record supports the trial court's decision, *see Barber*, 982 S.W.2d at 366, and

8

D.P.S.'s submission concerning an unrelated arrest in 2010 does nothing to demonstrate that the trial court's finding was arbitrary. *See Bocquet*, 972 S.W.2d at 21.

Accordingly, we overrule D.P.S.'s first and second issues.

## IV. ABSENCE OF REPORTER'S RECORD

By its third issue, D.P.S. objects to the trial court's failure to hold a hearing. However, the record reveals that the trial court sent D.P.S. a formal notice that the expunction hearing was set for December 5, 2016. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c) West, Westlaw through 2017 1st C.S.). On December 6, 2016 the trial court entered its order reciting that C.B. "came to be heard" on his petition for expunction. We overrule D.P.S.'s third issue.

By its fourth issue, D.P.S. asserts that the trial court reversibly erred by not ensuring that a reporter's record was taken concerning evidence received at the expunction hearing. D.P.S. urges us to apply a line of cases which hold that, under certain circumstances, parties who do not appear at an evidentiary hearing are entitled to a new hearing because no record was made of the hearing. *See Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex. 1972). These cases hold that "if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way." *Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978) (quoting *Robinson*, 487 S.W.2d at 715). However, we find this rule inapplicable for at least three reasons.

9

For one, the Ninth Court of Appeals has indicated that this rule should be confined to suits affecting the parent-child relationship. *See White Budd Van Ness P'ship v. Major-Gladys Drive Joint Venture*, 798 S.W.2d 805, 818 (Tex. App.—Beaumont 1990), *writ dismissed*, 811 S.W.2d 541 (Tex. 1991). In *White Budd*, the Ninth court noted that the rule in *Robinson* was based in large part on a unique requirement in the family code. *White Budd*, 798 S.W.2d at 818. Because we hear this case on transfer, the Ninth court's skepticism of this rule's general applicability holds sway over our decision. *See* TEX. R. APP. P. 41.3.

Likewise, this Court has rejected a similar request to reverse an expunction case for lack of a reporter's record. *See Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 742 (Tex. App.—Corpus Christi 2014, pet. denied). In doing so, we relied primarily on *Ex parte Pinnock*, the facts of which resemble those present here. *See id.* (citing *Ex parte Pinnock*, 437 S.W.3d 564, 568 (Tex. App.—Houston [14th Dist.] 2014, no pet.)).[3]

Finally, by its terms, this rule requires the appealing party to exercise "due diligence," and the inability to obtain a record must not be the fault of the appealing party. *See Robinson*, 487 S.W.2d at 715. D.P.S. has not adduced any evidence of the required diligence. *See id.* Instead, D.P.S.'s actions—failure to appear at a hearing of which it

---

[3] In *Ex parte Pinnock*, a petitioner sought expunction of criminal records, and the district attorney agreed. *See* 437 S.W.3d 564, 568 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The petitioner and the district attorney jointly submitted an agreed order of expunction, which the trial court summarily signed without receiving evidence. *See id.* at 568. For its part, D.P.S. received timely notice of the hearing, but elected not to appear. *Id.* at 566. Instead, six months later, D.P.S. filed a restricted appeal, insisting that the trial court reversibly erred by not reporting the hearing, and demanding that a second set of proceedings be conducted for D.P.S.'s sole benefit. *Id.* The court declined, noting that the rule described in *Rogers* and *Robinson* applies only where the appellant is "unable to obtain a record of the *evidence* presented to the trial court." *Id.* at 568 (emphasis added). There was no evidence for D.P.S. to obtain, because the parties had never offered any; instead, the trial court had granted expunction based upon the district attorney's consent rather than any evidence. *See id.* at 569. Therefore, the rule of *Rogers* was inapplicable. *See id.*

received due notice, filing a restricted appeal on the very last day it was available, and submitting records related to a wholly different arrest than the one which is at issue in this appeal—suggest the opposite. *See id.*; *Ex parte Pinnock*, 437 S.W.3d at 566 (documenting a similar pattern of misusing judicial resources through restricted appeals rather than appearing at duly noticed hearings).

For these reasons, we overrule D.P.S.'s fourth issue.

## IV. CONCLUSION

We affirm the trial court's order granting expunction of C.B.'s criminal records.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of June, 2018.