# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-19-00085-CV
_____

## TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

## V.

## J.A.G. JR., Appellee

---

## On Appeal from the 284th District Court
## Montgomery County, Texas
## Trial Cause No. 18-07-08443-CV

---

## MEMORANDUM OPINION

The Texas Department of Public Safety (the DPS or Appellant) brings this restricted appeal from an order expunging J.A.G. Jr.'s (Appellee or Petitioner) criminal records related to a charge of misdemeanor driving while intoxicated in Montgomery County. The DPS asserts that (1) legally insufficient evidence supports the expunction order; (2) the trial court misinterpreted the expunction statute to allow records of the arrest be destroyed as Appellee was convicted as a result of his arrest;

1

(3) the trial court erred in ordering an expunction without holding a hearing; and (4) if a hearing was held, no reporter's record was made of the hearing. Appellee did not file a brief. We sustain Appellant's fourth issue and reverse the trial court's order based on the absence of a reporter's record.

On May 16, 2008, Appellee was arrested in cause number 08-240219 for misdemeanor driving while intoxicated. On June 29, 2018, Appellee filed a petition to expunge the records relating to his arrest because the charge had been dismissed, and he requested that the entities that he believed had records subject to expunction be served with notice of the petition: (1) Montgomery County Sheriff's Department, (2) Montgomery County District Attorney's Office, (3) Montgomery County District Clerk's Office, (4) Montgomery County Clerk's Office, (5) Federal Bureau of Investigation, (6) Texas Department of Public Safety, (7) Montgomery County Bond, and (8) the Conroe Police Department.

In the clerk's record there is an Order Setting Hearing by Submission Petition for Expunction, signed by the trial court judge on July 2, 2018, and ordering the petition "set for hearing by submission on September 07, 2018, at 9:00[ ]am." A July 17, 2018 letter from the Montgomery County District Clerk appears in the record,

and it is addressed to multiple entities with attached copies of the petition, notice of submission and hearing date/time, and proposed expunction order.[1]

On August 28, 2018, the DPS filed its original answer and general denial and asserted that Appellee "is barred from expunging records of the Petitioner's arrest on May 16, 2008, for the Class B misdemeanor offense of Driving While Intoxicated because the Petitioner was convicted as a result of this arrest." The DPS attached to its answer a copy of the complaint and information in cause number 08-240219, a copy of a motion to dismiss in cause number 08-240219, and copies of the complaint, information, and judgment in cause number 09-248724. According to the DPS,

> [h]ere, the Petitioner was not acquitted or pardoned for an unrelated charge; rather Petitioner chose to plead guilty to Driving with Invalid License which resulted in a final conviction. Since the Petitioner was convicted for a misdemeanor charge based on the same arrest, the Petitioner is not entitled to an expunction of *any* charges stemming from that arrest.

On September 17, 2018, the trial court signed what it styled as an "Agreed Order of Expunction" reciting that "[o]n this date came on to be heard the petition for expunction filed" and that "[h]aving considered the pleadings and other

---

[1] Although the letter lists an email address for the DPS among the intended recipients, proof of email delivery of the notice to other entities is attached to the letter in the record and no such confirmation of email delivery to the DPS is in the record. That said, the DPS does not argue on appeal that it did not receive notice of the hearing.

documents on file[]" and ordering the entities named in the expunction petition to return all records and files about Appellee's arrest in cause number 08-240219 to the trial court, or if not practical, to destroy such records or files.[2] In accordance with the expunction order, the district clerk in a letter dated October 22, 2018, notified the parties of the signed expunction order and delivered through email a copy of the order to the entities listed in the order. There is an email delivery confirmation receipt in the clerk's record for the email from the district clerk's office to the DPS notifying the DPS of the final expunction order.

On March 15, 2019, the DPS filed its notice of restricted appeal. On appeal, the official court reporter stated in a letter to this Court that there was "no oral [hearing] regarding the above matter; therefore, there is no Reporter's Record in the above-mentioned cause to be filed."

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Expunction is neither a

---

[2] The Montgomery County District Attorney agreed to the form of the order of expunction. A district attorney's agreement in an expunction proceeding does not bind the DPS or preclude the DPS from challenging an expunction on appeal. *See Tex. Dep't of Pub. Safety v. M.R.S.*, 468 S.W.3d 553, 556 (Tex. App.—Beaumont 2015, no pet.).

constitutional nor a common-law right, but a statutory privilege. *In re D.W.H.*, 458 S.W.3d 99, 104 (Tex. App.—El Paso 2014, no pet.). A statutory expunction proceeding is a civil rather than a criminal proceeding, and the petitioner has the burden of proving that he has complied with the requirements of the expunction statute. *Collin Cty. Criminal Dist. Attorney's Office v. Dobson*, 167 S.W.3d 625, 626 (Tex. App.—Dallas 2005, no pet.); *Houston Police Dep't v. Berkowitz*, 95 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

To attack an order by restricted appeal, the appealing party must show: (1) he filed a notice of restricted appeal within six months after the judgment or complained-of order was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate either in person or through counsel in the hearing that resulted in the judgment or complained-of order and did not timely file any post-judgment motions or requests for findings of fact or conclusions of law, and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see also* Tex. R. App. P. 26.1(c), 30.

The trial court signed the expunction order on September 17, 2018. The DPS filed its notice of restricted appeal on March 15, 2019, within the six-month deadline set by Rule 26.1(c). *See* Tex. R. App. P. 26.1(c). The DPS was a party entitled to appeal the expunction order. *See* Tex. Code Crim. Proc. Ann. art. 55.02, § 3(a) (An

5

agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases.). The DPS was named in the expunction order as an agency or entity that might have records or files subject to expunction, there is no indication that the DPS participated in any hearing that resulted in the expunction order, and the DPS did not file any post-judgment motions or request findings of fact and conclusions of law. The DPS therefore met the first three requirements of its restricted appeal.

The final and fourth requirement is whether error is apparent on the face of the record. *Grant*, 447 S.W.3d at 886. The DPS argues that error is apparent on the face of the record because a hearing was not held or alternatively there is no transcription of the hearing, and the clerk's record lacks enough evidence to grant the expunction petition absent a live hearing. The DPS also contends that under the plain language of article 55.01(a)(2), a petitioner is ineligible to expunge an offense for which he was arrested if he was convicted of a misdemeanor offense based on that arrest.

Based on the trial court's notice setting a hearing on J.A.G.'s petition for expunction for a particular date and time, it is possible that an oral hearing occurred, but there is no reporter's record for the hearing. Without a reporter's record, we cannot know what evidence, if any, was introduced at the hearing. *See Tex. Dep't of*

*Pub. Safety v. L.V.*, No. 03-17-00809-CV, 2018 Tex. App. LEXIS 6152, at \*\*9-10 (Tex. App.—Austin Aug. 7, 2018, no pet.) (mem. op). The lack of a reporter's record constitutes error on the face of the record, and we therefore reverse and remand for a new hearing. *Texas Dep't of Pub. Safety v. N.E.A.*, No. 09-16-00057-CV, 2017 Tex. App. LEXIS 2525, at \*\*2-3 (Tex. App.—Beaumont Mar. 23, 2017, no pet.) (mem. op.) (A trial court's expunction order had been agreed to in form and substance by the District Attorney's Office. On appeal the expunction was reversed and remanded for a new hearing when the petitioner in the trial court failed to have the hearing transcribed); *see L.V.*, 2018 Tex. App. LEXIS 6152, at \*\*9-10 (reversing the trial court's order of expunction and remanding the cause for a new hearing "[b]ecause the lack of a reporter's record constitutes error on the face of the record[]"); *Ex parte Ruiz*, No. 04-11-00808-CV, 2012 Tex. App. LEXIS 5467, at \*4 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.) ("[B]ecause DPS has complained of the absence of a reporter's record, the trial court's order must be reversed, and the cause must be remanded for a new hearing."). The error complained of "probably prevented the appellant from properly presenting the case to the court of appeals." *See* Tex. R. App. P. 44.1(a)(2).

For these reasons, we sustain issue four and we need not address the DPS's other issues. *See* Tex. R. App. P. 47.1. We reverse the trial court's order of expunction and remand the case to the trial court for a new hearing.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on July 15, 2019
Opinion Delivered January 9, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.