

NUMBER 13-13-00656-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                    Appellant,

v.

RAQUEL IBARRA,                                                    Appellee.

On appeal from the 24th District Court
Of Victoria County, Texas.

# O P I N I O N

**Before Chief Justice Valdez and Justices Perkes and Longoria
Opinion by Chief Justice Valdez**

By two issues, which we construe as three, the Texas Department of Public Safety
(TDPS) files a restricted appeal challenging the trial court's order granting the expunction
of the records relating to Raquel Ibarra's arrest and prosecution for the offense of money
laundering. *See* TEX. PENAL CODE ANN. § 34.02(e)(3) (West, Westlaw through 2013 3d
C.S.). The TDPS argues that: (1) expunction was improper because the trial court had

already ordered a term of community supervision for the offense; (2) expunction based on the district attorney's recommendation was improper because appellant had been tried for the offense prior to the expunction; and (3) at minimum, this case should be remanded because at the expunction hearing, no reporter's record was prepared. We affirm.

## I.    BACKGROUND

On January 18, 2011, Ibarra was arrested and charged with money laundering. *See id.* Ibarra pleaded nolo contendere, and the 377th Judicial District Court for Victoria County entered an order of deferred adjudication on February 21, 2012, instructing Ibarra to complete two years of community supervision and pay a $1,000 fine. The order indicated that as part of the terms of the plea bargain, the State "recommends expunction if law allows under 55.01(b)(2)."[1] *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(b)(2) (West, Westlaw through 2013 3d C.S.).

On May 3, 2013, Ibarra filed a petition in the 24th Judicial District Court for Victoria County to expunge all records of her arrest and prosecution. In the petition, Ibarra admitted that she had completed a term of community supervision, but argued that she was eligible for expunction under Article 55.01(b)(2) of the Texas Code of Criminal Procedure because the order of deferred adjudication indicated that as part of the terms of the plea bargain, the prosecutor recommended expunction. *See id.* The TDPS filed an answer alleging that Ibarra was not entitled to an expunction because under article 55.01(a)(2) of the Code of Criminal Procedure, records cannot be expunged after the trial court has ordered a term of community supervision. *See id.* art. 55.01(a)(2). Ibarra filed

---

[1] The February 21st order stated the State "recommends expunction if law allows under 55.01(e)(2)." In response to a motion filed by Ibarra, the trial court issued a nunc pro tunc order which amended the language to read that the State "recommends expunction if law allows under 55.01(b)(2)."

an answer contending that she was entitled to expunction under subsection (b)(2) even though she had received community supervision because, as was evidenced by the order of deferred adjudication, the prosecutor had previously recommended expunction. *See id.* art. 55.01(b)(2). The district attorney for Victoria County also filed an answer in which it agreed with Ibarra. The district attorney's answer explained that "the prohibition against allowing someone who has served community supervision to receive an expunction only applies to applicants seeking mandatory expunctions under Article 55.01(a). . . ." *See id.* art. 55.01(a)(2). It further asserted that:

> All Article 55.01(b)(2), the relevant provision in this case, requires for a person seeking a discretionary expunction to be eligible is that an office of the attorney representing the State authorized by law to prosecute the offense for which the person was charged recommended the expunction to the appropriate district court before the person was tried for the offense. Those conditions have been met . . . . [The] Assistant Criminal District Attorney . . . made the recommendation to the appropriate district court (in this case the 377th District Court) and the recommendation was clearly made before [Ibarra's] case came to trial since it was part of the plea bargain agreement in this case. Accordingly, all requirements of Article 55.01(b)(2) are satisfied which in turn means that [Ibarra] is eligible to be considered for an expunction despite the fact that she received community supervision in this case.

*See id.* art. 55.01(b)(2).

The docket sheet for the expunction proceedings indicates that on June 17, 2013, the trial court held a hearing on the petition. The TDPS received notice of the hearing, but by its own admission did not attend. The docket sheet states, "No record, [the attorney for Ibarra and the district attorney] appeared, the State has no objection to expunction. Expunction granted." On that same day, the trial court issued an order granting the expunction, under Article 55.01(b)(2), of all records relating to the money laundering offense. *See id.* This restricted appeal followed.

3

## II.    RESTRICTED APPEAL

To attack an order by restricted appeal, the appellant must show:  (1) it was a party who did not participate in the hearing that resulted in the judgment complained of; (2) it filed a notice of appeal within six months after the order was signed; (3) it did not timely file a post-judgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Bazan v. Canales*, 200 S.W.3d 844, 846–47 (Tex. App.—Corpus Christi 2006, no pet.).

The first three requirements for a restricted appeal are satisfied.  And we will review the merits of the TDPS's argument because its contention that Ibarra was not entitled to expunction after the trial court had previously held a trial and ordered community supervision, which Ibarra admitted in her expunction petition, is an assertion that error is apparent on the face of the record.  *See* TEX. R. APP. P. 26.1(c), 30; *Bazan*, 200 S.W.3d at 846–47.

## III.    STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's decision granting a petition for expunction for an abuse of discretion.  *See Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied).  However, to the extent a ruling on an expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or applying the law to the facts.  *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.).

The remedy of expunction allows a person who has been arrested for the commission of an offense to have all information about the arrest removed from

4

governmental entities' and officials' records if he meets the requirements of article 55.01 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). A petitioner's right to expunction is purely a matter of statutory privilege, and the petitioner bears the burden of demonstrating that all of the required statutory conditions have been met. *Nail*, 305 S.W.3d at 675; *see* TEX. CODE CRIM. PROC. ANN. art. 55.01; *In re I.V.*, 415 S.W.3d 926, 929 (Tex. App.—El Paso 2013, no pet.) (stating that in a "statutory cause of action, all provisions are mandatory and exclusive"); *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("The trial court . . . . has no equitable power to extend the protections of the expunction statute beyond its stated provisions.").

## IV.   EXPUNCTION UNDER ARTICLE 55.01(a)(2)

By its first issue, the TDPS argues that under article 55.001(a)(2), records cannot be expunged in cases where there has been court-ordered community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *see also Ex parte Rivera*, No.13-12-00683-CV, 2013 WL 3325983, at *4 (Tex. App.—Corpus Christi June 27, 2013, no pet.) (mem op.) (holding that a trial court erred by granting expunction under article 55.01(a)(2) after a defendant received deferred adjudication community supervision). The provision cited by the TDPS, however, only applies to expunctions under article 55.01(a). TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). In the present case, the record reveals that Ibarra sought and the trial court granted an expunction under article 55.01(b)(2), which is an entirely separate basis for expunction from article 55.01(a). *See id.* art. 55.01. Accordingly, the limitation in article 55.01(a)(2) that there can be no court-ordered

5

community supervision does not apply to Ibarra's petition. *See id.* We overrule the TDPS's first issue.

## V. EXPUNCTION UNDER ARTICLE 55.01(b)(2)

As noted above, in the present case, the trial court granted the expunction of Ibarra's records under article 55.01(b)(2) based on the district attorney's recommendation, which undisputedly occurred prior to trial. *See id.* art. 55.01(b)(2). Article 55.01(b) provides, in relevant part:

> (b) Except as provided by Subsection (c), a district court may expunge all records and files relating to the arrest of a person who has been arrested for commission of a felony or misdemeanor under the procedure established under Article 55.02 if:
>
> (1) the person is:
>
> > (A) tried for the offense for which the person was arrested;
> > (B) convicted of the offense; and
> > (C) acquitted by the court of criminal appeals or, if the period for granting a petition for discretionary review has expired, by a court of appeals; *or*
>
> (2) *an office of the attorney representing the state authorized by law to prosecute the offense for which the person was arrested recommends the expunction to the appropriate district court before the person is tried for the offense, regardless of whether an indictment or information has been presented against the person in relation to the offense.*
>
> (c) A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, whether by the trial court, a court of appeals, or the court of criminal appeals, if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode.

*Id.* art. 55.01(b) (emphasis added).

6

In its brief, the TDPS argues that article 55.01(b)(2) requires that the case "be untried by the time of the expunction proceeding. And a prosecutor's recommendation to expunge records is valid only if the offense has not been tried by that time, regardless of when the prosecutor made the recommendation. The relevant timing is that of the trial, not of the recommendation." In other words, the TDPS contends that records cannot be expunged under article 55.01(b)(2) after there has been a trial for the alleged offense.[2] We disagree with the TDPS's interpretation of the statute because it is inconsistent with its plain language, which states that the recommendation, not the actual expunction, must occur before trial. *See id.* art. 55.01(b)(2); *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625–26 (Tex. 2008) (explaining that appellate courts rely on the plain meaning of the text, unless a different meaning is supplied by legislative definition or is apparent from context, or unless such a construction leads to absurd results).

The TDPS offers three arguments in favor of its interpretation of the statute. First, the TDPS argues that the legislature intentionally made a distinction between tried offenses under subsection (b)(1) and untried offenses under subsection (b)(2), and that "[t]his distinction is there because the [l]egislature did not intend to give a prosecuting agency power to recommend expunctions if the agency made the decision to try the offense." We agree that that subsections (1) and (2) of 55.01(b) apply to different scenarios. Subsection (b)(1) applies to cases where a defendant has been convicted in the trial court, but is then subsequently acquitted on appeal. TEX. CODE CRIM. PROC. ANN. art. 55.01(b)(1). Subsection (b)(2) applies to cases where the prosecutor recommends

---

[2] The TDPS argues that the plea of nolo contendere and order of deferred adjudication constitutes a trial. We make no determination on whether this constitutes a trial under the expunction statute because it is not necessary to the resolution of this appeal. *See* TEX. R. APP. P. 47.1.

expunction to the appropriate court prior to trial. *Id.* art. 55.01(b)(2). We fail to see how the distinction between these two circumstances indicates that subsection (b)(2) only applies to untried cases or how it forces the prosecutor to make a choice between accepting a plea of nolo contendere or recommending expunction. We also fail to see how applying subsection (b)(2) to cases where the defendant is subsequently sentenced to community supervision or deferred adjudication destroys the clearly intended distinction between the two subsections.

Second, the TDPS argues that the requirement that the recommendation be made to the "appropriate district court" shows that the legislature intended that subsection (b)(2) only be applied to untried cases.[3] *See id.* The TDPS argues that the appropriate district court refers to the court of expunction throughout the statute and that,

> [I]f a prosecutor could recommend that tried cases be expunged as long as the recommendation preceed the trial, cases tried outside the district court, such as misdemeanors tried in county court, would never fit within the parameters of Article 55.01(b)(2) because the trial court would never be an 'appropriate district court.'" This would allow prosecutors to recommend expunctions for more serious offenses, because those are tried in district courts, but disallow recommendations for minor offenses, which are tried in other courts. This is an absurd result that the Legislature could not have intended.

In the present case, the prosecutor did in fact make a recommendation to a district court that had jurisdiction to expunge records in Ibarra's case. *See id.* art. 55.02 § 2(a) (West, Westlaw through 3d C.S.) (stipulating that a person who is entitled to expunction under Article 55.01(b) may file an ex parte petition for expunction in a district court for the county in which the petitioner was arrested or the offense was alleged to have occurred). We

---

[3] Notably, the TDPS does not argue that the recommendation in the present case was not made to the appropriate district court; rather, it contends that the existence of the requirement that the recommendation be made to the appropriate district court shows that the legislature intended that subsection (b)(2) applies only to untried cases. We therefore confine our discussion to that argument.

therefore need not address the appropriate procedure for recommending expunction in cases tried in courts lacking jurisdiction to expunge records. Nothing in the statute indicates that the "appropriate district court" refers to the court where the petition for expunction is eventually filed. *See id.* art. 55.01. In any event, we do not find that the requirement that the recommendation be made to the appropriate district court implies a requirement that subsection (b)(2) only applies to offenses that are untried. *See City of Rockwall,* 246 S.W.3d at 625–26.

Finally, the TDPS contends that allowing expunction in this case would be contrary to the purpose of the expunction statute because "Ibarra pleaded no contest to the offense of money laundering, thereby admitting that she was not wrongfully arrested." The TDPS argues that the "primary purpose of the expunction statute is to allow wrongfully arrested individuals to correct their records. It is not to allow a person who is arrested, concedes guilt, and receives community supervision or a conviction to expunge records of the arrest." *See Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.) (stating in an appeal from an expunction under article 55.01(a), "[t]he expunction statute was created to allow persons wrongfully charged to expunge their arrest records") (citations omitted); *see also Ex parte Rivera*, 2013 WL 3325983, at *4.

However, the legislature has not stated in any part of the statute that records should never be expunged when a defendant enters a plea of nolo contendere, or even a plea of guilty. Moreover, the community supervision limitation applies only to subsection (a)(2) of the statute, and even that subsection provides an exception for class C misdemeanors. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). The legislature

9

therefore clearly intended that, in some circumstances, expunction be available for defendants that plead nolo contendere, even when subsection (a) of the statute applies. *See id.* By its plain language, subsection (b)(2) provides for the availability of expunction when the prosecuting attorney recommends expunction to the appropriate district court before trial. It does not limit expunctions solely to "untried cases." Therefore, the trial court may expunge records under subsection (b)(2) regardless of whether a plea of nolo contendere is eventually entered or community supervision is imposed. *See id.* art. 55.01(b)(2); *City of Rockwall,* 246 S.W.3d at 625–26. This is not inconsistent with other provisions in the statute, which allow expunction even after a plea has been entered. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01.

Because the statute authorizes expunction under the specific circumstances of this case, the TDPS's second issue is overruled.

## VI.    LACK OF REPORTER'S RECORD

The TDPS argues that "the trial court's order must be reversed and the case remanded for a new trial because there is no reporter's record." In the present case, the TDPS properly requested the reporter's record and then subsequently filed an affidavit of the court reporter stating that she was "not requested to stenographically record anything in this case. The case was not formally called for the record (nor was there any oral testimony or exhibits introduced) for me to stenographically record."

The Texas Supreme Court has held that, "[i]f an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way." *Robinson v. Robinson*, 487 S.W.2d 713, 715

10

(Tex. 1972); *see also Ex Parte Ruiz*, No. 04-11-00808-CV, 2012 WL 2834898, at *2 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.) (reversing an order granting an expunction on the basis that error appeared on the face of the record because there was no reporter's record made). However, recently, the Fourteenth Court of Appeals held that a remand was not necessary in circumstances almost identical to the present case. *Ex Parte Pinnock*, ___ S.W.3d. ___, No. 14-12-00787-CV, 2014 WL 2873883, at *4 (Tex. App.—Houston [14th Dist.] June 24, 2014, no. pet. h.). In *Pinnock*, the TDPS asserted that a trial court's order granting an expunction needed to be remanded because no reporter's record was prepared. *Id*. at *2. The appellate court reasoned that "the trial court did not receive any evidence that was the basis of its ruling at that hearing. Under the unambiguous language of the trial court's [e]xpunction [o]rder, the trial court did not base its ruling on evidence that it received from the parties." *Id.* The court therefore held that because no evidence was presented at the hearing on the expunction petition, "the lack of a reporter's record . . . does not constitute error on the face of the record and does not entitle the [TDPS] to a reversal of the trial court's order and a remand for a new expunction hearing." *Id.*

In the present case, the docket sheet does not indicate that any evidence was presented at the hearing, and the court reporter affirmatively stated in her affidavit that the case was not formally called and no evidence was heard at the hearing.[4] Moreover,

---

[4] While the affidavit of the court reporter was filed by the TDPS and not included as part of the trial court record, we find that the affidavit was part of the TDPS's argument on appeal; therefore, the TDPS has conceded on appeal that the court reporter stated that there was no testimony or exhibits produced at the hearing. Notably, in its reply brief on appeal, the TDPS emphatically argues that we should consider the affidavit as part of the record. Moreover, even if the affidavit or the TDPS's concession is not appropriate for our consideration, we determine that the docket sheet and final judgment are sufficient for us to conclude that the trial court's judgment was not based on evidence presented at the hearing. *See Ex Parte Pinnock*, ___ S.W.3d. ___, No. 14-12-00787-CV, 2014 WL 2873883, at *4 (Tex. App.—Houston [14th Dist.] June 24, 2014, no. pet. h.).

the order granting the expunction makes no reference to the hearing and instead merely states that "the Court considered the Petition for Expunction of Raquel Ibarra, which the court finds should be granted." We agree with the decision in *Pinnock*, and, in the present case, we hold that, because the record reflects that no evidence was presented at the hearing and that the trial court's decision was not based on evidence provided at the hearing, a remand is not required.[5]  *See id.*

We overrule the TDPS's third point of error.

### VII.    CONCLUSION

We affirm the trial court's order.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
2nd day of September, 2014.

---

[5] Furthermore, we note that there is no factual dispute regarding whether Ibarra had already completed community supervision for the money laundering offense, and on appeal, the TDPS presents a legal issue solely based on an interpretation of the expunction statute. As such, a reporter's record of the hearing is not necessary for our review of this case. *See Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex. 1972) ("If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.").

12