In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00174-CV
_____

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**J.G.K., Appellee**

**On Appeal from the 1A District Court**
**Tyler County, Texas**
**Trial Cause No. A-18,571**

**MEMORANDUM OPINION**

In four issues, appellant Texas Department of Public Safety ("DPS")
challenges the trial court's order expunging J.G.K.'s record. We affirm the trial
court's expunction order as modified.

J.G.K. was charged with criminally negligent homicide. At the plea hearing,
before J.G.K. entered his plea of guilty, the following colloquy occurred:

> [Defense counsel]: Judge, if I may just make one statement for
> the record just to [make] the Court aware of what we're planning to do

1

eventually with this case; and I have discussed it with the DA's office. Typically in a deferred case you're not able to seek an expunction. However, there is a statute that allows that to happen with the discretion of the district attorney's office. That has been discussed as part of the plea bargain process in this case.

THE COURT: Okay.

[Defense counsel]: And at this time . . . it's my understanding that I don't think the DA is going to object . . . if we do file that petition after this case is dismissed.

THE COURT: Okay.

[The prosecutor]: If at the time he's eligible and that's the law, then I'll follow the law, Your Honor.

THE COURT: Well, . . . apparently it's a discretionary thing on your part, according to what [defense counsel] is saying.

[The prosecutor]: That's correct, but I can't say yea or na[y] until I see how he does on probation.

THE COURT: Right. Okay. But assuming that he does it, completes it . . . you're going to be fine with it?

[The prosecutor]: Yes, ma'am.

J.G.K. then pleaded guilty. The trial court deferred finding J.G.K. guilty and signed an order placing him on community supervision for two years. The trial court's deferred adjudication order does not mention expunction in the section that discussed the plea bargain agreement. After J.G.K. completed his deferred adjudication community supervision, the trial judge signed an order discharging J.G.K. from deferred adjudication community supervision.

J.G.K. subsequently filed a petition for expunction, in which he asserted that he was entitled to expunction under article 55.01(b)(2) of the Texas Code of Criminal Procedure because an office of the attorney representing the state

2

authorized by law to prosecute the offense for which J.G.K. was arrested recommended the expunction to the court before J.G.K. was tried. *See* Tex. Code Crim. Proc. Ann. art. 55.01(b)(2) (West 2018). At the hearing on J.G.K.'s petition for expunction, J.G.K.'s counsel asserted that J.G.K. sought expunction pursuant to article 55.01(b), stated that DPS's response did not discuss article 55.01(b) but instead dealt solely with article 55.01(a), and tendered to the judge a record of the prosecutor's statements regarding the plea bargain agreement at the plea hearing. *See id*. art. 55.01(a), (b)(2) (West 2018).

After reviewing the record of the plea hearing, which was admitted as an exhibit, the trial judge stated that the prosecutor had indicated at the prior hearing "that she had no problem with an expunction as long as probation was completed appropriately." Also admitted as an exhibit was the court's order discharging J.G.K. from deferred adjudication community supervision. The prosecutor stated, "Judge, I've reviewed the applicable code section and the record and [defense counsel]'s motion; and having reviewed all that, we can't object to it." The trial judge stated, "Okay. Then I'm going to grant the expunction at this time."

The trial court signed an order of expunction, which stated that J.G.K. "is entitled to [an] expunction as provided by Article 55.01(a)(2), Texas Code of Criminal Procedure[.]" The order also stated, "The Court further finds that the

3

circumstances surrounding the dismissal of said offense or the quashing of the indictment or information indicate that there was an absence of probable cause at the time of such dismissal due to mistake." DPS noted in its brief that "[s]ince the indictment was not quashed, the offense was not dismissed, there is no indication of a mistake or lack of probable cause in the record, and the transcript of the hearing doesn't indicate any such finding, this seems to be a typographical error." J.G.K. agrees in his brief that the trial judge's order contained a typographical error and he had sought expunction pursuant to article 55.01(b)(2) rather than article 55.01(a)(2). *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2), (b)(2).

On appeal, DPS raises four issues, in which it argues that (1) J.G.K. is not entitled to an expunction under article 55.01(a)(2) because he served a term of court-ordered community supervision; (2) J.G.K. is not entitled to an expunction because he did not have a prosecutor's recommendation before trial; (3) the order of expunction is not supported by legally sufficient evidence; and (4) the court "may not rely on allegations in a petition once they have been put [at] issue[]" and because DPS filed an answer and J.G.K. "failed to offer any evidence[,]" the order was not supported by legally sufficient evidence.

We first address issue one. We review a trial court's decision granting a petition for expunction for abuse of discretion. *Tex. Dep't of Pub. Safety v. Ibarra*,

4

444 S.W.3d 735, 738 (Tex. App.—Corpus Christi 2014, pet. denied). "However, to the extent a ruling on an expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or applying the law to the facts." *Id*. A petitioner seeking expunction bears the burden of demonstrating that he has met all the required statutory conditions. *Id*. at 739.

Section 55.01(a)(2) of the Texas Code of Criminal Procedure provides that a person who has been arrested is entitled to have all records and files relating to the arrest expunged if he has been released and the charge has not resulted in a final conviction and there was no court-ordered community supervision for the offense. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). As discussed above, J.G.K. pleaded guilty and then served a two-year term of community supervision for the offense. Because the trial court ordered J.G.K. to serve community supervision, he does not meet the requirements of article 55.01(a)(2). *See id*. Accordingly, although J.G.K. did not seek expunction pursuant to article 55.01(a)(2), we sustain issue one, and we modify the trial court's order as described below.

In its second issue, DPS argues that J.G.K. was not entitled to expunction because the prosecutor did not recommend expunction to the court before J.G.K. was tried for the offense. Section 55.001(b)(2) provides that a district court may

5

expunge all records and files relating to an arrest if "an office of the attorney representing the state authorized by law to prosecute the offense for which the person was arrested recommends the expunction to the court before the person is tried for the offense[.]" *Id*. art. 55.01(b)(2).

The record reveals that J.G.K. sought and was granted an expunction pursuant to article 55.01(b)(2), which is a separate basis for expunction from article 55.01(a). *See Ibarra*, 444 S.W.3d at 739. DPS argues that J.G.K. did not have the prosecutor's recommendation before trial because "[t]here are no affidavits, sworn testimony, or other indication[s] on the record that the Tyler County prosecutor recommended the expunction of the records of that offense" before J.G.K. pleaded guilty "nor even at the present time." According to DPS, the prosecutor merely indicated an intention to wait and see how well J.G.K. complied with the terms of his community supervision. DPS attempts to distinguish *Ibarra* by noting that in *Ibarra*, the trial court's order indicated that the State recommended expunction as part of the terms of the plea bargain. However, as discussed above, before J.G.K. pleaded guilty, defense counsel stated on the record, without objection or clarification from the prosecutor, that plea bargain negotiations had included an agreement that the State would not object to a petition for expunction. The prosecutor stated on the record in open court that she would not object to a petition for expunction if J.G.K.

6

successfully completed probation. In addition, the record shows that at the expunction hearing, the prosecutor stated that she had reviewed the statute, the record, and the petition for expunction and could not object to J.G.K.'s petition. Thus, the transcript of the plea supports the trial court's implied finding that the prosecutor had agreed to recommend expunction before the date the hearing occurred. On this record, we cannot say that the trial court erred by granting expunction pursuant to article 55.01(b)(2), which was the sole basis pleaded and argued before it. *See Ibarra*, 444 S.W.3d at 738. We overrule issue two.

In issues three and four, which we address together, DPS challenges the legal sufficiency of the evidence supporting the trial court's expunction order. A reviewing court must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). If the evidence would enable reasonable and fair-minded people to reach the decision under review, it is legally sufficient. *Id*. at 827. DPS asserts that J.G.K. did not offer legally sufficient evidence to support his petition. As previously discussed, at the hearing on his petition for expunction, J.G.K. introduced the trial court's order discharging him from deferred adjudication and the transcript of the plea hearing, at which the prosecutor stated on the record in open court that she would not object to expunction if J.G.K.

7

successfully completed probation. On this record, we conclude that the evidence before the trial court would enable reasonable and fair-minded people to conclude that J.G.K. is entitled to expunction; therefore, it is legally sufficient. We overrule issues three and four.

Because we sustained DPS's first issue and both parties state in their briefs that the portion of the trial court's order referring to article 55.01(a)(2) is a typographical error, we modify the trial court's order by deleting "Article 55.01(a)(2)" from the third paragraph of the expunction order and substituting "Article 55.01(b)(2)" in its place, and we delete paragraph four of the order, which stated "The Court further finds the circumstances surrounding the dismissal of said offense or the quashing of the indictment or information indicate that there was an absence of probable cause at the time of such dismissal due to mistake." We affirm the trial court's order as modified. *See* Tex. R. App. P. 43.2(b).

AFFIRMED AS MODIFIED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 26, 2019
Opinion Delivered May 23, 2019

Before McKeithen, C.J., Horton and Johnson, JJ.

8