

# NUMBER 13-20-00242-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE L.M.L.

### On appeal from the 28th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Silva

Appellant the Texas Department of Public Safety (the Department) appeals an order expunging all files and records relating to appellee L.M.L.'s multiple arrests. By a single issue, the Department argues that the trial court's order of expunction is not supported by legally sufficient evidence. We affirm.

### I.    BACKGROUND

On October 28, 2019, L.M.L. filed a first amended petition for expunction pursuant to article 55.01 of the Texas Code of Criminal Procedure, seeking to expunge records

relating to fifteen charges.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. The fifteen charges L.M.L. sought to expunge all stemmed from eight arrest dates: December 12, 2005, October 25, 2011, June 20, 2012, October 5, 2012, May 22, 2013, February 8, 2013, March 23, 2015, and May 29, 2015.

On December 30, 2019, the Department filed its original answer and general denial, arguing L.M.L. was not entitled to an expunction on any charges from arrests occurring on October 5, 2012, February 8, 2013, March 23, 2015, and March 29, 2015. The Department argued L.M.L.'s arrests on the aforementioned dates had resulted in court-ordered community supervision and attached copies of the information and order placing L.M.L. on community supervision which indicated the following:

- On or about October 5, 2012, L.M.L. was arrested for possession of a controlled substance in penalty group 3 in an amount less than twenty-eight grams (count one), a Class A misdemeanor, and possession of marijuana less than two ounces (count two), a Class B misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.117(b); 481.121(b)(1). On May 13, 2014, in trial court cause no. CR14002430-1, the charge of possession of a controlled substance (count one) was dismissed after L.M.L. "presented proof of a valid prescription," and L.M.L. pleaded guilty and was placed on deferred adjudication for a period of one year for possession of marijuana (count two). The trial court signed an order of discharge from community supervision and dismissal because "the community supervision period . . . has expired" on June 6, 2016.

- On or about February 8, 2013, L.M.L. was arrested for possession of a controlled substance, penalty group 1, between one and four grams, (methamphetamine), a third-degree felony, possession of marijuana less than two ounces, a Class B misdemeanor, and possession of a controlled substance in penalty group 3 in an amount less than twenty-eight grams, a Class A misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(c); 481.117(b); 481.121(b)(1). On April 28, 2014, in trial court cause no. CR13000370-A, L.M.L. pleaded guilty to the felony offense of

[1] During a hearing on L.M.L.'s motion, L.M.L. asserted she sought to expunge thirty arrests. The trial court maintained that only fifteen requests for expungement were pleaded; therefore, it would only consider those.

possession of a controlled substance and was placed on deferred adjudication for a period of five years; on May 25, 2017, the trial court granted early termination of community supervision. On May 13, 2014, in trial court cause no. CR14000377-1, the charge of misdemeanor possession of a controlled substance (count two) was dismissed after L.M.L. presented a valid prescription, and L.M.L. pleaded guilty to possession of marijuana (count one); L.M.L. was placed on deferred adjudication for a period of one year. *See id.* While no signed order was included in the clerk's record, the register of actions in the trial court cause no. CR14000377-1 was admitted and indicates a motion for revocation was filed, and an "order of discharge f[ro]m [community] supervision and dismissal" was signed on June 6, 2016.

- On or about March 23, 2015, L.M.L. was arrested for possession of a controlled substance in penalty group 3 in an amount less than twenty-eight grams (count one), a Class A misdemeanor, possession of a dangerous drug (counts two and three), a Class A misdemeanor, and unlawful carrying of a weapon (count four), a Class A misdemeanor. *See id.* §§ 481.117(b), 483.041; Tex. Penal Code Ann. § 46.02(b). On February 1, 2016, in trial court cause no. CR15002626-1, the State dismissed charges of possession of a controlled substance (count one), and possession of a dangerous drug (counts two and three), after L.M.L. provided proof of valid prescriptions. L.M.L. pleaded guilty to unlawful carrying of a weapon (count four) and was placed on deferred adjudication for one year. On February 22, 2017, L.M.L. was satisfactorily discharged from probation.

- On or about March 29, 2015, L.M.L. was arrested for possession of a prohibited weapon (count one), a Class A misdemeanor, possession of marijuana less than two ounces (count two), a Class B misdemeanor, possession of a controlled substance in penalty group 3 in an amount less than twenty-eight grams (count three), a Class A misdemeanor, and possession of a dangerous drug (counts four, five, and six), a Class A misdemeanor. *See* Tex. Health & Safety Code Ann. §§ 481.117(b), 481.121(b)(1), 483.041; Tex. Penal Code Ann. § 46.05(a)(2) *repealed by* Act of May 25, 2019, 86th Leg., ch. 216 (H.B. 446), § 2, eff. Sept. 1, 2019. On February 1, 2016, in trial court cause no. CR16000370-1, the State dismissed charges of possession of a controlled substance (count three) and possession of a dangerous drug (counts four, five, and six) after L.M.L. provided proof of valid prescriptions. L.M.L. pleaded guilty to possession of a prohibited weapon (count one) and possession of marijuana (count two) and was placed on deferred adjudication for

3

one year. On February 22, 2017, L.M.L. was satisfactorily discharged from probation.

The trial court held a hearing on L.M.L.'s motion for expunction on January 10, 2020. The Department was not in attendance. The Nueces County District Attorney's Office (the State) reiterated the Department's lack of opposition to the expunction of charges from L.M.L.'s December 12, 2005, October 25, 2011, June 20, 2012, and May 22, 2013 arrests. As to the remaining arrests, the State maintained L.M.L.'s court ordered community supervision arising from the same transactions precluded her from expunction eligibility. L.M.L. argued contrary, urging the trial court to employ a charge-based analysis. L.M.L. asserted that though she had been arrested on multiple charges on each of those four respective dates, the charges she sought expunction for were those that she was not placed on community supervision for, and therefore, the charges were eligible for expunction.

On February 27, 2020, the trial court entered "findings and rulings" asserting in part that: (1) in trial court cause no. CR14002430-1, L.M.L. was "wrongfully arrested" on October 5, 2012, for possession of a controlled substance (count one); therefore, expunction was granted as to count one but denied as to count two; (2) in trial court cause no. CR14000377-1, L.M.L. was "wrongfully arrested" on February 8, 2013, for possession of a controlled substance (count two); therefore, expunction was granted as to count two but denied as to count one; (3) in trial court cause no. CR15002626-1, L.M.L. was "wrongfully arrested" on March 23, 2015 for possession of a controlled substance (count one) and possession of a dangerous drug (counts two and three); therefore, expunction was granted as to counts one, two and three, but denied as to count four; and (4) in trial court cause no. CR16000370-1, L.M.L. was "wrongfully arrested" on May 29, 2015, for

4

possession of a controlled substance (count three) and possession of a dangerous drug (counts four, five, and six); therefore, expunction was granted as to counts three, four, five, and six but denied as to counts one and two.

On May 11, 2020, the trial court signed an order, granting expunction in each of the aforementioned arrests, including those which the Department did not challenge. The trial court further found that L.M.L. is "entitled to expunction as provided by [a]rticle 55.01(a)(2)(A)" because "the charge[s] ha[d] not resulted in a final conviction and . . . there was no court-ordered community supervision under Chapter 42A of the Texas Code of Criminal Procedure." *See* TEX. CODE CRIM. PROC. ANN. arts. 42A, 55.01. The Department timely appealed. *See* TEX. R. APP. P. 26.1.

## II.    EXPUNCTION

The Department argues the trial court erroneously granted L.M.L.'s challenged expunctions because though the charges she seeks to be expunged were dismissed, L.M.L. pleaded guilty and was ordered to deferred adjudication community supervision for charges arising out of those same arrests.[2]

### A.    Standard of Review and Applicable Law

Expunction is a statutory privilege and not a constitutional or common law right. *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020). The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and who meets certain other conditions to have the opportunity to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01–

---

[2] The Department does not challenge the trial court's finding that L.M.L. was wrongfully arrested for the aforementioned charges. Instead, the Department argues that "*even where*" the trial court makes such findings, "all records and files relating to an arrest must be eligible for expunction."

.02. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Ex parte E.H.*, 602 S.W.3d at 489 (citing *State v. T.S.N.*, 547 S.W.3d 617, 619 (Tex. 2018)). Thus, it is the petitioner's burden to show that all the statutory conditions—each mandatory and exclusive—have been met. *Id.* "[C]ourts must enforce the statutory requirements and 'cannot add equitable or practical exceptions . . . that the legislature did not see fit to enact.'" *Id.* (quoting *In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 (Tex. 2019)).

We review the ruling on a petition for expunction under an abuse of discretion standard. *Ex parte E.H.*, 602 S.W.3d at 489. Under this standard, we afford no deference to the trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts. *Id.* When the trial court's ruling on an expunction petition turns on a question of law, we review that ruling de novo. *Id.*; *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 738 (Tex. App.—Corpus Christi–Edinburg 2014, pet. denied).

Article 55.01 contains the requirements for expunction of criminal records. TEX. CODE CRIM. PROC. ANN. art. 55.01. L.M.L. sought expunction pursuant to subsection (a)(2), which provides in relevant part:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:

6

(A)   regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information [1] charging the person with the commission of *a misdemeanor offense based on the person's arrest* or [2] charging the person with the commission of *any felony offense arising out of the same transaction for which the person was arrested*:

> (i)   *has not been presented* against the person at any time following the arrest, . . . [or]

> (ii)   *if presented* at any time following the arrest, [but] was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because:

> . . . .

> (d)   the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense; . . . .

*Id.* (emphasis added).

The Texas Supreme Court recently held that "subarticles (a)(2) and (a)(2)(A) of Article 55.01 of the Texas Code of Criminal Procedure are offense-based provisions with regard to misdemeanors but arrest-based with respect to felonies."[3] *Ex parte R.P.G.P.*, No. 19-1051, __ S.W.3d __, __, 2021 WL 1933952, *9 (Tex. May 14, 2021). The Court clarified that the "[l]egislature reserved the broad 'arising out of' transactional-relatedness standard" language found in subarticle (a)(2)(A) for felonies alone. *Id.* In other words,

---

[3] As the Texas Supreme Court observes in its opinion, under the prior prevailing view, many appellate courts, including this Court, had "den[ied] expunction unless the petitioner establishe[d] that multiple offenses comprising an arrest [were] eligible for expunction." *Ex parte R.P.G.P.*, No. 19-1051, __ S.W.3d __, __, 2021 WL 1933952, *4, n.27 (Tex. May 14, 2021).

where a petitioner has been arrested for multiple misdemeanor offenses, provided that the misdemeanor offense that the petitioner seeks to be expunged meets the statutory requirements, it does not matter whether all other offenses stemming from the same arrest are also eligible for expunction under any article 55.01 provision. *See id.* ("The State is also incorrect in asserting that partial expunction is disallowed if a misdemeanor offense arose out of the same transaction as an inexpungable offense[.]").

## B.      Analysis

Under the facts of this case, to obtain an expunction, L.M.L. was required to testify or present evidence to prove:[4]

(1)      [she] has been released;

(2)      "the charge, if any, has not resulted in a final conviction";

(3)      "the charge, if any . . . is no longer pending";

(4)      "there was no court ordered community supervision under Chapter 42A for the offense"; and

(5)      "*provided that*" certain disjunctively stated conditions are satisfied.

As applicable here, expunction is available on satisfaction of the foregoing prerequisites "provided that":

(A)      . . . . an indictment or information [1] charging the person with the commission of *a misdemeanor offense based on the person's arrest* or [2] charging the person with the commission

---

[4] The Department correctly notes in its brief that L.M.L. did not specifically cite article 55.01(a)(2)(A)(ii)(d) in her petition for expunction or explicitly argue that "the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii)(d). Rather, L.M.L. asserted she was generally entitled to expunction under "55.01(a)(2)(A)" because "an indictment or information was presented, but the same was subsequently dismissed or quashed," and "the charge has not resulted in a final conviction and is no longer pending . . . ." At the hearing on L.M.L.'s petition, however, L.M.L. argued that the several charges she sought expunction for had been "dismissed for lack of probable cause because she provided the prescriptions [sic] that she hadn't committed a crime by possessing those pills." L.M.L. provided evidence in support. To the extent that the Department argues that L.M.L. did not properly seek relief under article 55.01(a)(2)(A)(ii)(d), we disagree.

8

of any felony offense arising out of the same transaction for which the person was arrested:

. . . .

    (ii)    if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information *was dismissed or quashed* because:

        . . . .

        [(d)    the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense . . . .]

*See id.* (quoting Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)).

Notably, the facts of this case are similar to those before the Court in *Ex parte R.P.G.P.* In *Ex parte R.P.G.P.*, the petitioner was arrested for driving while intoxicated (DWI) and misdemeanor possession of marijuana. *See id.* at *1–2. The DWI charge was dismissed following the petitioner's successful completion of a pretrial intervention program, *see* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii)(c), and as part of a comprehensive plea bargain, the petitioner pleaded no contest and was placed on deferred adjudication on the misdemeanor marijuana possession charge. *Ex parte R.P.G.P.*, 2021 WL 1933952, at *6. The petitioner thereafter sought to expunge the DWI arrest records pursuant to article 55.01(a)(2)(A). The Department in *Ex parte R.P.G.P.* argued, as the Department does here, that petitioner was ineligible for expunction of the DWI charge because the marijuana charge stemming from the same arrest was not also eligible for expunction under article 55.01(a)(2)(A). *See id.* The Court rejected the

9

Department's argument in its rejection of an arrest-based construction of article 55.01(a)(2)(A). *Id.* at *9.

We turn now to the first challenged arrest L.M.L. sought expunction for: the October 5, 2012 arrest for possession of a controlled substance in penalty group 3 in an amount less than twenty-eight grams, a Class A misdemeanor. L.M.L. pleaded guilty to and was placed on deferred adjudication for an offense arising out of the same transaction: possession of marijuana, a Class B misdemeanor. L.M.L.'s marijuana charge disposition, however, does not preclude her from expunction eligibility on the controlled substance charge—provided that L.M.L. presented evidence that the controlled substance charge independently satisfies the statutory conditions for expunction. *See id.* The record indicates here that the possession of a controlled substance charge was dismissed after L.M.L. "presented proof of a valid prescription." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii)(d) (providing for expunction, in part, where there is "reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense"); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.117 ("[A] person commits an offense [of possession of a controlled substance in penalty group 3] if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 3, *unless the person obtains the substance directly from or under a valid prescription*. . . .") (emphasis added).

Additionally, prior to granting L.M.L.'s request for expunction on this charge, the trial court found that L.M.L. had been "wrongfully arrested" for possession of a controlled substance. In doing so, the trial court implicitly concluded, for purposes of article 55.01(a)(2)(A)(ii)(d), that there had been a lack of probable cause to support the

10

information because L.M.L. held a valid prescription for the controlled substance. *See Harris Cnty. Dist. Att'ys Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) ("The legislature intended section 55.01 to permit the expunction of records of wrongful arrests."); *see also, e.g.*, *In re E.R.W.*, 281 S.W.3d 572, 575 (Tex. App.—El Paso 2008, pet. denied) (concluding that the petitioner was entitled to an expunction of a murder charge where the State's attorney testified that "probable cause no longer existed" to proceed with the charge). We decline the Department's invitation to disassociate the trial court's "wrongful[] arrest[]" finding with the requirements of article 55.01(a)(2)(A) when the former squarely falls within the intended purpose of the statute. *See J.T.S.*, 807 S.W.2d at 574; *Ex parte J.A.B.*, 592 S.W.3d 165, 168 (Tex. App.—San Antonio 2019, no pet.). L.M.L. has therefore satisfied the requirements of article 55.01(a)(2)(A) for her October 5, 2012 arrest for possession of a controlled substance in penalty group 3 in an amount less than twenty-eight grams and is entitled to expunction.

For reasons discussed *supra*, L.M.L. is similarly entitled to expunction for the remaining arrests:

- With respect to the February 8, 2013 episode, L.M.L. sought to expunge her arrest for possession of a controlled substance, a Class A misdemeanor. L.M.L. pleaded guilty and was placed on deferred adjudication for two offenses arising out of the arrest: possession of a controlled substance, a third-degree felony, and possession of marijuana, a Class B misdemeanor. Court documents indicated L.M.L. successfully completed deferred adjudication, and the misdemeanor possession of a controlled substance offense she seeks to be expunged was dismissed after L.M.L. provided proof of a valid prescription. The trial court later determined that L.M.L. was "wrongfully arrested" for the misdemeanor possession of a controlled substance offense.

- As related to the March 23, 2015 episode, L.M.L. sought to expunge her arrests for the misdemeanor offenses of possession of a controlled substance (count one), and possession of a dangerous

11

drug (counts two and three). L.M.L. pleaded guilty and was placed on deferred adjudication for unlawful carrying of a weapon (count four). However, count one, two, and three, were dismissed after L.M.L. provided proof of valid prescriptions, and the trial court found that L.M.L. was "wrongfully arrested" for these three offenses.

- As to the March 29, 2015 episode, L.M.L. sought to expunge her arrests for possession of a controlled substance (count three) and possession of a dangerous drug (counts four, five, and six). L.M.L. pleaded guilty and was placed on deferred adjudication for the misdemeanor offenses of possession of a prohibited weapon (count one) and possession of marijuana (count two). Counts three, four, five, and six were dismissed following proof of valid prescriptions, and the trial court found that L.M.L. was "wrongfully arrested" for these three offenses.

L.M.L. produced evidence of expunction eligibility as required under article 55.01. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01. Thus, the evidence is legally sufficient to support the trial court's order granting the challenged expunction of L.M.L.'s arrests on October 5, 2012, February 8, 2013, March 23, 2015, and March 29, 2015. *See Ex parte R.P.G.P.*, 2021 WL 1933952, at *6–9; *Ex parte E.H.*, 602 S.W.3d at 489. Accordingly, we overrule the Department's sole issue.

### III.    CONCLUSION

We affirm the trial court's order of expunction.

CLARISSA SILVA
Justice

Delivered and filed on the
10th day of June, 2021.

12