In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00183-CV
_____

**JAMES J. TRIMBLE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 22-09-11628-CV**

**MEMORANDUM OPINION**

Pro se Appellant James J. Trimble appeals the trial court's order granting his petition for expunction of records relating to four offenses.[1] We affirm.

Background

On September 2, 2022, Trimble filed a pro se Petition for Expunction of Criminal Records in cause number 22-09-11628 seeking expunction of criminal

---

[1] We note that Appellant has another appeal pending before this court, *James Trimble v. Hilda Theresa Muniz*, No. 09-23-00212-CV.

records and files relating to four arrests: (1) criminal mischief, allegedly committed in November of 1999 and dismissed in February of 2000, (2) harassment, allegedly committed in April of 2012 and dismissed in September of 2013, (3) failure to appear, allegedly committed in January of 2016 and dismissed in February of 2017, and (4) misdemeanor assault, allegedly committed in January of 2016 and dismissed in October of 2017. Although the petition alleges that copies of the orders dismissing the charges were attached, our record does not reflect that any orders were attached to the petition. The 284th District Court of Montgomery County set a hearing on the Petition for November 17, 2022.

On September 15, 2022, Trimble filed a pro se motion to "recognize TCPA 27.001" on the grounds that "pro se plaintiff verification thru court coordinator review of 22-09-11628." The motion further stated, "cause is in support of job ap[p]lication TCEQ misdemeanor offen[s]es older than 5 y may have affect (filed 8-11-22 [TCEQ Review])."

In its Original Answer, the Montgomery County District Attorney's Office asserted a general denial and asked the trial court to deny the Petition unless Trimble established his statutory eligibility for relief.

On November 16, 2022, Trimble filed a Motion for Continuance and Notice of Hearing due to "insufficient time to get record of complete requesters of information on James Joseph Trimble[.]" The next day, Trimble filed a Motion

2

requesting equitable rescission "allowing those Texans the option of re-entering Texas workplace."

On November 18, 2022, Trimble filed five Notices of JP Documents and a Motion for Expunction Relief. Attached to the Notices are uncertified documents that appear to be case summaries for dismissed cases and from the Justice of the Peace courts for Montgomery County Precincts One and Two, case histories for convictions in Montgomery County Precinct Two Justice of the Peace Court, several printed emails, and a spreadsheet listing misdemeanor cases for Trimble from the Montgomery County Precinct Four Justice of the Peace Court.

On November 21, 2022, Trimble filed a notice to the trial court that included what he represented as a "complete list of Class C misdemeanor" from Precinct One that were eligible for expunction. The attachment appears to be an uncertified spreadsheet with handwritten notations.

On December 6, 2022, Trimble filed a Notice to Court that purported to attach a "complete list of rec[ei]pts to expunction order" and "123 cases w[ith] index backpage[.]" The attachments include what appear to be certified copies of the following cases dismissed in the Montgomery County Precinct Four Justice of the Peace Court:

- failure to submit required reports, dismissed in 2016;
- failure to call for required inspection, dismissed in 2015;
- MVI inspection violation, dismissed in 2011;
- MVI inspection violation, dismissed in 2012;

3

- failure to display Texas DOT cabcard, dismissed in 2012;
- no medical certificate, dismissed in 2012;
- display expired license plates, dismissed in 2013;
- motor vehicle inspection violation, dismissed in 2014;
- failure to appear, dismissed in 2014;
- failure to appear, dismissed in 2016;
- 4 counts of failure to submit required reports, dismissed in 2016;
- violation of a non-CDL restriction, dismissed in 2018;
- operating vehicle on flat tires, dismissed in 2018;
- failure to secure heavy vehicle/equipment/machinery, dismissed in 2018; and
- 3 counts of no county permit, dismissed in 2001.

On December 14, 2022, Trimble filed a First Amended Petition, requesting the trial court to rule on his matter and grant expunction of criminal records. Attached is a handwritten note stating there are no records of complaints against him filed in the Montgomery County Health Department and Trimble's Request for Public Information to the Montgomery County Environmental Health Services Department, with a handwritten notation, "Montgomery County Environmental has no document responsive to Mr. Trimble['s] request."

On January 27, 2023, Trimble filed a Second Amended Petition for Expunction of Criminal Records, again seeking expunction of the offenses listed in his original petition: (1) criminal mischief, allegedly committed in November of 1999 and dismissed in February of 2000, (2) harassment, allegedly committed in April of 2012 and dismissed in September of 2013, (3) failure to appear, allegedly committed in January of 2016 and dismissed in February of 2017, and

4

(4) misdemeanor assault, allegedly committed in January of 2016 and dismissed in October of 2017. The Second Amended Petition included no attachments.

Trimble filed a proposed Order Granting Expunction of Criminal Records on April 27, 2023, that listed the same four offenses as his Original Petition and his Second Amended Petition. The proposed order attached several documents, including a letter dated March 23, 2023 to Trimble from the Texas Commission on Environmental Quality, saying it intended to deny Trimble's pre-evaluation request for a license because TCEQ "became aware that [Trimble] continually received citations from multiple Texas counties, primarily Montgomery County, in activities related to [On-Site Sewage Facility]" installation and maintenance.

The matter was set for a hearing on April 27, 2023.[2] The trial court signed an Order Granting Expunction of Criminal Records on May 4, 2023, as to the four offenses listed in the Second Amended Petition.

On June 2, 2023, Trimble filed a Motion to Reinstate Case on Docket, which referenced without elaboration the FCRA and TCPA. On June 5, 2023, Trimble filed his Notice of Appeal. On July 11, 2023, the Montgomery County Attorney's Office filed a Response to Expunction Order stating that, after making a diligent search, "[a]ny records of the criminal prosecution described in the expunction order and the

---

[2] Our appellate record lacks a reporter's record of this hearing, and the court reporter informed this Court that she did not receive a Designation of Record from the Appellant.

expunction proceeding itself have been destroyed, deleted, or are attached to this response." No documents were attached to the Response.

## Issues

Appellant's pro se brief on appeal maintains that the trial court erred because it did not "find an equitable solution" for "123 Class C Misdemeanor[]" offenses presented in his petition. At another place in his brief, he appears to ask whether the trial court dismissed the Class C misdemeanor offenses as he claims he asked of the trial court. Appellant also appears to request mandamus relief. Appellant's brief also makes references to FRCA, "Fair chance Hiring Ordinance, Ban the Box labor and employment resources[,]" and "United States Code Annotated title 15 Commerce and Trade 1681b Permissible purposes of Consumer Reports[.]"

## Standard of Review and Applicable Law

The purpose of an expunction statute is to permit a defendant to obtain an expunction of records for wrongful arrests. *Johnson v. State*, No. 09-19-00310-CV, 2020 Tex. App. LEXIS 1440, at *2 (Tex. App.—Beaumont Feb. 20, 2020, no pet.) (mem. op.) (citing *Harris Cnty. Dist. Att'y's Off. v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Travis Cnty. Dist. Att'y v. M.M.*, 354 S.W.3d 920, 926 (Tex. App.—Austin 2011, no pet.)). "'When an arrest is not wrongful, removal and destruction of records relating to it harms the public's interest of using the records 'in subsequent punishment proceedings, including subsequent applications for probation.'" *Id.*

6

(quoting *S.J. v. State*, 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.). A petitioner's right to expunction is purely a matter of statutory privilege. *Id.* Under limited statutorily enumerated circumstances, a person who has been placed under arrest for commission of a felony or misdemeanor is entitled to have records and files relating to the arrest expunged. *See Mitchell v. State*, No. 09-20-00230-CV, 2022 Tex. App. LEXIS 4272, at *3 (Tex. App.—Beaumont June 23, 2022, pet. denied) (mem. op.) (citing Tex. Code Crim. Proc. Ann. art. 55.01). The person seeking expunction must establish, among other things, he has been released and the charge, if any, (1) has not resulted in a final conviction, (2) is no longer pending, and (3) there was no court-ordered community supervision. *See id.* All statutory provisions are mandatory and exclusive, and the petitioner is entitled to expunction only if all statutory conditions are met. *Id.* at **3-4 (citing *Ex parte E.R.W.*, 281 S.W.3d 572, 573 (Tex. App.—El Paso 2008, pet. denied)). An expunction proceeding is civil in nature, and the petitioner has the burden of proving compliance with the applicable statute. *Id.* at *4 (citing *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 739 (Tex. App.—Corpus Christi 2014, pet. denied)). A trial court has no equitable power to allow expunction not allowed by statute. *Id.* (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).

We review a trial court's decision granting a petition for expunction for abuse of discretion. *Johnson*, 2020 Tex. App. LEXIS 1440, at \*\*2-3 (citing *Ibarra*, 444 S.W.3d at 738). "'However, to the extent a ruling on an expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or applying the law to the facts.'" *Id.* at \*3 (quoting *Ibarra*, 444 S.W.3d at 739). A petitioner seeking expunction bears the burden of demonstrating that he has met all the required statutory conditions. *Id.*

Appellant was pro se in the lower court proceedings, and he is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and a brief fails to comply with the rules if we must speculate or guess about the appellant's issues. *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at \*4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (citing *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at \*3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.)). To comply with the Rules of Appellate Procedure, an appellant must cite existing and

8

relevant legal authority and apply the facts to the cited law to show how the trial court committed error. *See* Tex. R. App. P. 38.1(i); *Broussard v. Vicknair*, No. 09-21-00391-CV, 2023 Tex. App. LEXIS 9371, at *43 (Tex. App.—Beaumont Dec. 14, 2023, no pet.) (mem. op.); *Golden*, 2022 Tex. App. LEXIS 2988, at *9.

Analysis

Appellant's live pleading at the time the trial court signed its Order Granting Expunction of Criminal Records was his Second Amended Petition for Expunction of Criminal Records. The Second Amended Petition lists four offenses: (1) criminal mischief, allegedly committed in November of 1999 and dismissed in February of 2000, (2) harassment, allegedly committed in April of 2012 and dismissed in September of 2013, (3) failure to appear, allegedly committed in January of 2016 and dismissed in February of 2017, and (4) misdemeanor assault, allegedly committed in January of 2016 and dismissed in October of 2017.

Appellant used a court form for his Second Amended Petition, which includes an option to check a box if the petitioner is asking the trial court to expunge other arrests. The form states, "Information about each additional arrest is an attached exhibit." On Appellant's Second Amended Petition, the box is not checked (or otherwise marked), and no exhibits are attached. The Order Granting Expunction of Criminal Records grants expunction as to the four offenses listed in his Second Amended Petition. So, the trial court granted all the relief requested by Appellant in

9

his live pleading. "[A] party cannot complain on appeal that the trial court took a specific action that the complaining party requested[.]" *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005).

To the extent Appellant intended to request expunction of certain "Class C misdemeanors" listed in his "Notice[s] of JP Documents" and "Notice[s] to Court[,]" our record does not reflect that Appellant specifically requested expunction of the offenses listed in those filings. An arrest, whether custodial or noncustodial, is a threshold requirement under the expunction statute. *See* Tex. Code Crim. Proc. Ann. art. 55.01; *Carson v. State*, 65 S.W.3d 774, 779-80 (Tex. App.—Fort Worth 2001, no pet.); *Harris Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 570 (Tex. App.—Houston [14th Dist.] 1997, no pet.). On this record, Appellant failed to meet his burden to show that he was arrested for the "123 Class C misdemeanor" offenses mentioned in his brief on appeal. *See id.* Therefore, the trial court did not err by not granting expunction as to those alleged offenses. As to Appellant's request for mandamus relief, he has failed to show the trial court committed a clear abuse of discretion and that he has no adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

We also read Appellant's brief as seeking a request for "guidance" from this Court. We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or

legal authorities that may support a party's position. *Golden*, 2022 Tex. App. LEXIS 2988, at *4 (citing *Lee*, 2019 Tex. App. LEXIS 3601, at *3; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine there was error)). And under the separation-of-powers doctrine, we are not permitted to issue advisory opinions. *See Data Foundry, Inc. v. City of Austin*, 620 S.W.3d 692, 700 (Tex. 2021) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993)).

As to any other complaints on appeal, we find Appellant's brief inadequate to show that he preserved error in the trial court. *See* Tex. R. App. P. 33.1. Appellant's brief is disjointed and difficult to follow. His issues and arguments are confusing and are inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record[]"); *Golden*, 2022 Tex. App. LEXIS 2988, at **4-5 (citations omitted). Due to the inadequacy of his brief, and his failure to identify applicable law and apply the law to the facts of this case, we conclude that Appellant has waived his complaints on appeal. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) ("error may be waived by inadequate briefing[]"); *Golden*, 2022 Tex. App. LEXIS 2988, at *9 (citing *McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—

11

Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error.")); *Atkins-January v. State Off. of Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *5 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.).

We overrule Appellant's issues, and we affirm the trial court's order.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on April 24, 2024
Opinion Delivered May 23, 2024

Before Horton, Johnson and Wright, JJ.